No. 39,420

LARRY EUGENE CLARK, a Minor, by WILLIAM E. CLARK, His Father and Next Friend, *Appellee*, v. MARSHALL R. TICEHURST, Administrator of the Estate of Roy Ticehurst, Deceased, doing business as Kaw Valley Oil Company, *Appellant*.

(271 P. 2d 295)

Opinion filed June 12, 1954.

*Herbert A. Marshall*, of Topeka, argued the cause, and *Allen Meyers, Philip C. Gault, Doral H. Hawks, T. M. Lillard, O. P. Eidson, Philip H. Lewis*, and *James W. Porter*, all of Topeka, were with him on the brief for the appellant.

*David Prager*, of Topeka, argued the cause, and *Edward Rooney, Jacob A. Dickinson*, and *William W. Dimmitt, Jr.*, all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover for personal injuries alleged to have resulted from defendant's negligence.

The defendant's demurrer to plaintiff's petition was overruled and defendant has appealed. We here note that subsequent to the filing of the action the defendant died and that the action against him was revived against his administrator.

So far as need be noticed it was alleged in the petition that plaintiff was four years old and that defendant was engaged in selling gasoline and oil products at retail at his place of business at a stated location in Topeka and in the same block where plaintiff resided. Paragraph 3 of the petition recited:

"Plaintiff further alleges that on or about the 5th of June, 1953, at or about the hour of 1:15 p. m., one Darwin Spencer, a boy of eleven years of age, went to the aforesaid filling station holding an open tin can in his hand and asked Elbert Copeland, defendant's employee in charge of the station, if he could buy a dime's worth of gasoline; that in accordance with the boy's request, Elbert Copeland, acting in the scope of his employment and for the benefit of the defendant, filled the open tin can with gasoline and delivered it to the

boy; that at said time the boy advised Mr. Copeland that he was going to help burn the gasoline at a nearby house; plaintiff further alleges that the said Darwin Spencer then left the defendant's premises and carried the can filled with gasoline to the rear of the plaintiff's home where the plaintiff and other children were playing; that said Darwin Spencer poured a part of the gasoline on a toy plastic airplane for the purpose of burning the same and setting fire to it; that said toy plane ignited and set fire to the remainder of the gasoline in the open tin can; that thereupon the said Darwin Spencer instinctively and spontaneously threw the can of burning gasoline away from himself and toward the plaintiff, causing plaintiff's body to become covered with burning gasoline and causing the severe burns to plaintiff's body hereinafter described."

In a summary way it may be said the petition further charged that defendant by the act of his employee was negligent in delivering to an immature and inexperienced child of eleven years of age a highly inflammable and dangerous substance, gasoline, when the employee knew that the gasoline was going to be burned by the child and others at a near-by house and when he should have foreseen the child might burn himself or other children and in filling and delivering the gasoline in an open tin can without a protective covering when he knew the child was to be near a fire and knew or should have known the fumes from the gasoline would ignite when brought in proximity to the fire and endanger the safety of persons in the vicinity. Other allegations of the petition pertain to injuries received and need not be detailed here.

The defendant's demurrer to the petition on the ground it failed to state a cause of action was overruled and an appeal to this court followed.

In his brief appellant makes no contention that the act of its employee was not negligent, its sole contention being that the injuries sustained by the plaintiff were not reasonably foreseeable by defendant's employee and any act of his was so remote from the injury as not to constitute the proximate cause of the injury. In support appellant relies almost wholly on our decision in *Greiving v. LaPlante*, 156 Kan. 196, 131 P. 2d 898, where the appeal arose from orders overruling the defendants' demurrers to the plaintiff's evidence. Although reference to the opinion is made for a fuller statement, there two boys about ten years old had a fire in a little can and had used coal oil to make it burn better. One boy went to a filling station and told the attendant his daddy wanted some gasoline to clean a hat and bought two cents worth. Later the other boy poured the gasoline on the fire and was burned. In approaching consideration of the evidence this court said:

"Before examining the evidence let us state the narrow issue presented. It will be helpful, we think, first to clarify the issue by elimination. We are not here asked to determine whether it is negligence *per se* to sell gasoline to a nine-year-old boy. Nor, is our question whether LaPlante might be held liable if the child himself to whom the gasoline was sold had been injured. Nor, whether there would be liability if the child who bought the gasoline had so used or handled it that injury resulted to another child. Our issue must be narrowed by the undisputed facts in this particular case. Our question is whether the injury to the plaintiff, *under the facts and circumstances shown by the evidence,* was a result which an ordinarily prudent person would reasonably think might happen if he sold the gasoline to the boy to whom he did sell it. . . ." (l. c. 199)

After thus narrowing the issue, the court directed attention to rules pertaining to proximate cause, that results flowing from negligent acts must be within reasonable contemplation; that the law does not charge a person with all possible consequences of a wrongful act and that he cannot be held responsible for a remote cause but only for a cause which is probable according to ordinary and usual experience, and that an injury is deemed the natural and probable result of a negligent act if after the event and viewing therefrom in retrospect to the act the injury appears to be the reasonable rather than the extraordinary consequence of the wrong, and that there must be a material continuous sequence, unbroken by any new and independent cause which produced the injury. After reviewing testimony set out in the opinion the court concluded that both the rule and practical reason required a holding that the injury, under the circumstances of remoteness and intervening events, was not within the probabilities, the natural sequence, which the appellant was chargeable with foreseeing. The ruling and judgment of the trial court was reversed.

In our opinion the above case is not decisive here. The amount of gasoline purchased in the instant case was not a mere two cents worth, but ten cents worth, and this court is not unmindful that that sum purchased approximately three pints of gasoline. Further the gasoline was purchased with direct knowledge on the part of the seller that the purchaser was going to help burn the gasoline at a near-by house. Under the allegations as to the use to be made of the gasoline, it is not subject to debate but that the seller was guilty of negligence in making the sale to the eleven year old boy. But what of the consequent events? It has been repeatedly held that for one to be negligent, it is not necessary that he foresee injury in the precise form in which it in fact occurs, nor because the injury is

greater than he anticipates. *Frazier v. Cities Service Oil Co.,* 159 Kan. 655, 157 P. 2d 822; *Rowell v. City of Wichita,* 162 Kan. 294, 176 P. 2d 590, and authorities cited. When the seller sold the gasoline to the boy it was with knowledge the boy was going to burn the gasoline and he was bound to know that in the performance of that burning harm was a likely and not improbable result, and the mere fact the harm occurred to another boy instead of to the boy making the purchase cannot avail the appellant. Nor are we convinced that under the allegations of the petition the fact of the burning of the gasoline after it had been taken from appellant's place of business was an intervening act breaking the stream of causation for the seller had specific notice that that was what was to be done with the gasoline.

The only other case relied on by the appellant is *Mondt v. Ehrenwerth,* 251 Ill. App. 226. The facts of that case need not be reviewed for they are sufficiently set forth in the fourth paragraph of the syllabus which reads:

"The sale of 10 cents' worth of benzine, in a gallon-size varnish can, to a boy 13 or 14 years old sent to the store therefor by his mother, was not the proximate cause of the death of a child of 5 years which resulted from burns sustained when the benzine exploded while the boy, who was carrying it home, was showing a third child how the stuff burned."

Reference to Shepard's Illinois Citations shows the case has never been cited as an authority. In any event, the above syllabus shows the case is not controlling here.

We have no doubt that the cases relied on by the appellant do not support his contention that the trial court erred in overruling his demurrer to the petition. The case is not yet at issue and remains to be tried and we shall not extend our views. Those interested will find lengthy annotations on the question of liability of one who sells explosives and highly inflammable substances to a child in 60 A. L. R. 434 and 20 A. L. R. 2d 119.

The ruling and judgment of the trial court is affirmed.