Gladys HUTCHINGS, Plaintiff in Error,

v.

William Taylor HALES, an Infant, who sues by his mother, Shirley Y. Stephens, as next friend, Defendant in Error.

No. 40816.

Supreme Court of Oklahoma.

Feb. 27, 1968.

Rehearing Denied May 14, 1968.

Calvin W. Hendrickson, Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for plaintiff in error.

Alex Cheek and Cheek, Cheek & Cheek, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

The principal question for our determination in this appeal is whether, under all the facts and circumstances of the case including the theory upon which it was tried by both the parties and the trial court, the jury was warranted in finding for the plaintiff. Our answer is that it was.

Defendant in error, hereinafter referred to as plaintiff, the eight year old grandson and guest of plaintiff in error, hereinafter referred to as defendant, with whom defendant was baby-sitting while his mother was working, sustained second degree burns to his right leg and hip when he got some paste-board matches out of his mother's box of high school mementoes from behind the telephone seat in the grandmother's kitchen while she was resting following lunch, took them and some gasoline from a can that was temporarily setting on the floor near the open door of the grandmother's garage to a ditch around the

block and poured an excessive amount of gasoline on a fire he and a playmate started with grass, twigs and leaves. In the action he thereafter filed against his grandmother on the ground of alleged negligence, plaintiff obtained a verdict in the amount of $18,000.00 and she appeals.

In the trial of the case below, evidence was introduced for consideration by the jury of effect, including reasonable inferences, that defendant permitted plaintiff, her guest, and with whom she was "babysitting", to freely range and play throughout her home and garage and about the area, while she rested; that she permitted her daughter's high school mementoes, including the matches herein involved, to be kept in a container back of the telephone seat in her kitchen where they were accessible to plaintiff; that she temporarily kept the can containing gasoline just inside and to the left of the door to her garage where it was plainly visible to anyone, including plaintiff while he was in the garage; that plaintiff was an inquisitive and active boy; that he had previously started other fires while visiting the grandmother but said to be unbeknownst to her; that he had been talked to about an incident of a fire in an attic that had happened near where he lived as distinguished from where the grandmother lived, and this was known to her but she said the boy was not implicated and she did not know it related to the starting of a fire; that when she asked plaintiff, at the time defendant heard plaintiff getting the matches just prior to his being burned in the incident that is involved here, what he was doing and he answered, "nothing", she assumed he was getting a drink, and she neither made any further investigation nor exercised any further restraint on plaintiff but continued resting.

Plaintiff admitted that he and other children had started fires on previous occasions while visiting his grandmother. His mother, daughter of defendant, admitted that he had started a fire in a gutter near where he lived with his parents and that his step-father had punished him. She further testified that on a certain occasion a fire had been started in an attic in the neighborhood where plaintiff lived and that their mothers had taken plaintiff and several other children to the fire station to be talked to by the firemen in connection with an inquiry concerning the cause of the fire. The mother and plaintiff denied that plaintiff was connected with the starting of the fire in the attic.

While there was evidence that defendant did not know at the time of this accident that plaintiff had previously either played with matches or started any fires, she, in the presence of the jury (referring to plaintiff being talked to by the fireman) said:

"A: I believe it was mentioned, something about what was said yesterday but since he wasn't supposed to have been implicated in it, I just didn't think anything about it. We didn't say much about it at all, and actually I didn't know that it was a fire."

In her first proposition for reversal, defendant contends that the trial court erred in overruling her demurrer to the evidence and her motion for a directed verdict. To support this contention, defendant cites Dahl v. Valley Dredging Co., 125 Minn. 90, 145 N.W. 796, 52 L.R.A.,N.S., 1173 (Involving a trespasser as distinguished from an invitee), and Greiving v. La Plante, 156 Kan. 196, 198, 131 P.2d 898 (which was distinguished, and in effect, narrowed in Clark v. Ticehurst, 176 Kan. 544, 271 P.2d 295).

Defendant cites the Dahl case for the statement that "The law does not exact a degree of care in guarding any article which will make the great majority of the possessors of that article chargeable with habitual or continuous negligence."

We do not deem it at all necessary to comment on this argument in the present case. In the first place it is to be noted that defendant's possession of the gas can was but temporary. The thirteen year old neighbor boy who was going to mow defendant's lawn could not get gasoline from

the filling station, so defendant had to herself drive over for it, borrowed the container in which the gasoline was obtained and promised to return the can immediately (but a day or 2 or 3 later when the involved incident occurred had not done so). The temporary character of defendant's possession of the can and her manner of coming into possession of it may or may not have figured in the thinking of the jury as affecting the thought of continuous possession and whether or not her keeping it accessible to the child, without closer supervision of his activities constituted negligence.

In the next place, the defendant herself and the opposing party and the trial court all tried the case as hereinafter shown on the theory that the propensities of gasoline are such that the handling and burning of it in an open flame by a child of tender years while the child is under the supervision of an adult individual may or may not require more than token care and restraint, and the case was submitted without objection from defendant to the jury under an instruction under which it clearly was warranted in finding defendant guilty of negligence if the jurors should believe plaintiff's evidence.

That instruction assumed that most people keep gasoline where it is accessible to children. Whether this is true as a matter of law or whether defendant should have offered proof on the point (see 38 Am.Jur. Negligence, sec. 34, p. 680; 38 Am.Jur., Negl. §§ 317, 319, 344 and 345; 77 ALR 2d 1329) we need not here determine.

As we view the present situation, the cited decisions are not persuasive herein.

It is here noted that defendant herself in amended answer pleaded that "plaintiff knew or should have known of the dangerous propensities connected with gasoline and should have exercised reasonable care in accordance therewith" and further pleaded that "plaintiff was negligent in lighting a match in proximity to gasoline when plaintiff knew or should have known

that same was volatile and would cause a flame."

In this connection it also is to be remembered that at trial both the parties and the trial court treated gasoline in the hands of a small child not then being supervised as being a dangerous substance. At a time when defendant was on the stand, called as a witness for plaintiff, objection in her behalf was made to a question as to whether she recognized and realized herself "that gasoline was not something that a child eight years old should play with or that it would be a dangerous commodity for him to play with." The objection was made upon the ground that the question was an invasion of the province of the jury and concluded, "We all know about the gasoline, and I object to this." After further colloquy between plaintiff's counsel and the trial court as to whether that court had admitted into the record of the trial the "admission" of defendant's counsel as above recounted, the trial court, without further objection from any source, stated that "The objection will be in the record, everybody knows that gasoline is dangerous under certain conditions, and the jury can well take knowledge of that fact, that under certain conditions gasoline is a dangerous substance."

By its instruction number seven the trial court in effect told the jury that it could determine under all the circumstances of the case whether or not defendant was negligent and that in making such determination the jurors "should consider the fact that it is common knowledge that people, generally, keep gasoline about their premises and are familiar with it, and that it is usually kept in such a manner that children can get possession of it, should they attempt to do so." No objection to this instruction was registered on behalf of defendant.

■ In our opinion, under the circumstances of this case, including allegations in plaintiff's petition, allegations by defendant in her amended answer, and the admission by defendant's counsel in

connection with objection to question propounded to defendant in the trial as above noted together with the court's ruling and remarks with reference thereto, and from a consideration of the trial court's instruction number seven, and the theory upon which the case appears to have been tried throughout both by the parties and the trial court, we are of the view that the jury was warranted in finding generally for the plaintiff.

■ In her second proposition, defendant argues that the lower court erred in giving certain instructions. We have carefully reviewed all of the instructions given below.

Defendant contends that the lower court erred in giving instructions numbered eight and ten.

Instruction number eight reads as follows:

"You are instructed that the defendant has a duty to exercise more vigilance and control as to a child, than would be necessary for her to exercise toward an adult on her premises.

"In this case, if from a preponderance of the evidence you should find that defendant left unattended, accessible to the plaintiff, an eight year old child, a can of gasoline, and if defendant knew or should have known in the exercise of ordinary care, that the same might be meddled with by plaintiff and if from a preponderance of the evidence, you should find the defendant failed to exercise such care and by reason of such failure, the plaintiff, as a proximate result thereof, sustained injuries, then your verdict may be for the plaintiff."

Defendant contends that this instruction left the jury with only one fact to decide adversely against defendant, i. e., whether defendant knew or should have known in the exercise of ordinary care that the can of gasoline might be meddled with by plaintiff.

We have inferred hereinabove that the trial court by its instruction number 7 stated that the jury could take it to be a matter of common knowledge that every one keeps gasoline where it is accessible to small children. Even if defendant had proven such to be a fact and asked for proper instructions dealing with the subject, in our view such instructions properly could have gone no further in defendant's favor then the ones quoted above did. The error, if any, from the standpoint of defendant in our view was harmless.

As to the matter of there being proof as to what defendant knew or should have known, we already have discussed the evidence which the jury had before it.

Defendant also contends that the trial court erred in describing the plaintiff as an eight year old boy rather than one almost nine years of age. We fail to see that such description was prejudicial to defendant.

■ Further, defendant complains of the trial court's instruction number ten, which instructed the jury that if they found defendant negligent and if such negligence were the proximate cause of plaintiff's injury, then their verdict should be for plaintiff unless they found plaintiff to have been contributorily negligent. Defendant contends this instruction, read together with the trial court's summary of the pleadings wherein it was stated that plaintiff alleged that gasoline and matches were attractive to children, was in effect an instruction on attractive nuisance, a doctrine not applicable to the situation herein.

In using the word "attractive" in the summary of pleadings, the trial court was merely quoting from plaintiff's petition. In the context used, it is clear that plaintiff was merely alleging that defendant should have known that a small child's attention would be drawn to or his curiosity aroused by a can of gasoline. In our opinion, the word as used in this context cer-

**730**

tainly can not be construed as an instruction on the doctrine of attractive nuisance.

In her third proposition, defendant contends that the trial court erred in allowing into evidence the testimony of a clinical psychologist concerning the question of whether an eight year old child would know the propensities of gasoline. Defendant argues that by allowing such testimony, the question of what defendant knew or should have known is being judged by the knowledge of an expert.

We can not agree with this contention for several reasons. First, from reading of the complained of testimony, it is clear that the witness was testifying only as to whether the average child eight years of age understood the propensities of gasoline, a question defendant raised in her answer. The testimony in no way reflects upon the question of whether defendant knew or should have known whether plaintiff would "meddle" with the ·can of gasoline, which question was an ultimate issue for the jury.

Secondly, even assuming such evidence was incompetent and therefore inadmissible, we have held that before the admission of such evidence constitutes cause for reversal, it must affirmatively appear that its admission was prejudicial. Aldridge v. Patterson, Okl., 276 P.2d 202. Under the facts and circumstances herein, it is our opinion that the admission of such opinion evidence was not prejudicial to defendant.

The judgment of the trial court is affirmed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, LAVENDER and McINERNEY, JJ., concur.

BERRY, J., concurs in result.

BLACKBIRD and HODGES, JJ., dissent.