EDUARDO TORRES TRUMBULL, ETC., Plaintiffs and Appellees, v. RAFAEL PESQUERA and RAFAEL ÁLVAREZ, Defendants and Appellants.

Nos. R-68-148,     Decided May 20, 1969.
R-68-159.

330

*José R. Pesquera* for Rafael Pesquera. *Martínez-Muñoz, Agraít-Oliveras & Otero* for Rafael Álvarez. *Roberto J. Matos* and *Luis Fernández Ramírez* for appellees.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Defendants-appellants Pesquera and Álvarez were found liable in 25% and 40% respectively for the serious and painful burns suffered by an 11-year-old boy while he was trying to stick a patch to a tire of his bicycle, using therefor gasoline and the patch which was sold to him by an employee of Pesquera's station, and a small rag and a box of matches which were given to him by an employee of Álvarez' station who, upon informing the minor that he could not do the repair requested, explained to him how to do it, we conclude that Pesquera did not contribute in any manner whatsoever to the occurrence of the accident in issue and that Álvarez is 65% liable for the damages suffered by appellees.

In the findings of fact of the trial court the following facts are related as proved.

On October 19, 1962 the minor Raúl Iván Torres Ramírez, then 9 years old, asked his mother for some money to buy a patch and gasoline to repair a tube of his bicycle. Mrs. Ivelisse Ramírez, the minor's mother, gave him twenty-five cents, and he went to Pesquera's station, after taking, with his mother's permission, a glass jar the kind used to bottle milk. On the way he was joined by a boy called Eguí. When he arrived at Pesquera's station he asked one of the employees of this station to stick the patch to the tube, and the latter answered him that he could sell the patch and the gasoline, but he could not stick the patch because the vulcanizing machine was broken. After buying the patch and the gasoline which he poured into the glass bottle which he was carrying for that purpose, the minor Raúl Iván and his friend Eguí went to Álvarez' station. There the minor, Raúl Iván, asked a man who was one of the employees of that garage to stick the patch to the bicycle tube, and the latter told him that he could not do it because he was busy, but he explained to the minor how to do it, and loaned him a small rag and a box of matches.

The minor Raúl Iván began to clean the tube with the rag impregnated with gasoline and then his friend Eguí lit one of the matches and threw it over a small puddle of gasoline which had been formed in that place. An explosion occurred and when the minor plaintiff wanted to withdraw from the place he slid and fell on top of the fire suffering serious and extensive burns on the face, arms, the legs and on the abdomen which required several surgical operations, and extensive, prolonged and painful treatment.

It appears from the record that the boy possessed an intelligence beyond his age. He testified that he had never before bought gasoline. He admitted that he knew the dangers involved in that product and he knew that it was inflammable.

On account of these facts, Eduardo Torres Trumbull, for himself and in representation of the Conjugal Partnership, and as father with patria potestas over his minor son Raúl Iván, filed a complaint before the Superior Court, Bayamón Part, against Rafael Pesquera, as owner of the Pesquera's station and against Rafael Álvarez as owner of the Álvarez' station. After hearing the case on the merits, the trial court granted the complaint, holding defendants solidarily liable in 65% of the negligence. It divided said negligence on the basis of 25% on the part of Rafael Pesquera and 40% on the part of Rafael Álvarez in order to avoid multiple litigation. It also determined that the minor was negligent in 15% and his mother in 20%. The defendants were ordered to pay solidarily as compensation, the amount of $13,000 to the minor Raúl Iván and $3,900 to the Conjugal Partnership. The degree of negligence attributed to defendants has already been deducted from this sum.

Feeling aggrieved by the aforementioned pronouncement, appellant Rafael Pesquera alleges that the trial court erred (1) "in determining that the proximate cause of the accident was due to the negligence of the codefendant Rafael Pesquera and his agents." Appellant Rafael Álvarez, in turn, alleges

that the trial court erred in concluding that (2) an employee of appellant furnished a box of matches to plaintiff or that in doing so he was acting in the course of his duties as such, and (3) appellant was negligent or liable for the accident.

1. We will consider first the assignment made by appellant Rafael Pesquera.

Appellant alleges in his argument that the only negligent act with which he is charged is that an employee of his sold the gasoline and a patch to the minor plaintiff and that this act was negligent within the chain of events which constituted the proximate cause of the accident; that the plaintiffs' evidence showed (a) that it was plaintiff's mother who gave him the money, her consent and a bottle so that the minor could buy the gasoline; (b) that the evidence did not show that it was his employee the one who sold the gasoline; (c) that it was in another station where the events occurred; (d) that the evidence established an unforeseen intervening force; and (e) that the minor had knowledge of the danger involved. He invokes our cases of *Vargas* v. *Water Resources Authority*, 86 P.R.R. 99 (1962) and *López Reyes* v. *Emmanuelli*, 90 P.R.R. 670 (1964).

The evidence shows that the minor's mother gave him 25¢ and permission to take the glass bottle and to buy the gasoline and the patch he needed to repair a tire of his bicycle. For that reason the trial court imposed on the minor's mother "a part (20%) of the combined concurrent negligence which produced the accident."

The evidence showed that an employee of Pesquera sold the gasoline and the patch to Raúl Iván. For the purpose of verifying this we have to rely on the evidence introduced by appellees since appellants submitted the case without introducing evidence.

The testimony of the minor, Raúl Iván, as to the fact that in Pesquera's station he was waited on by one of those who work in the station and that the latter sold him the gasoline

and the patch but that he could not repair the bicycle tube because the vulcanizing machine was broken, was not rebutted in any manner by defendants, or his testimony controverted during the intense cross-examination to which he was subjected.

■ In order that negligence may exist, the damages resulting from a certain act should be something which a reasonable man can foresee. *Colón* v. *Shell Co.*, 55 P.R.R. 575 (1939), and that such damages be the probable consequence of the negligent act, *Rivera* v. *People*, 76 P.R.R. 378 (1954).

■■ At law, a person is not held liable for all the possible consequences of his negligent act, *Rivera* v. *People, supra.* Such person is not responsible for a remote cause. An injury is deemed the natural and probable result of a negligent act if after the event, and viewing therefrom in retrospect to the act such injury appears to be the reasonable and ordinary consequence of the act. *Greiving* v. *La Plante*, 131 P.2d 898, 901 (Kan. 1942). There must also be a natural continuous sequence, not broken by any new and independent cause.

In *Clark* v. *Ticehurst*, 271 P.2d 295 (Kan. 1954), liability was imposed on the owner of a gasoline filling station for the burns sustained by a minor as a result of the sale of 10¢ worth of gasoline by an employee of said station to another 11-year-old minor, called Darwin, who advised the employee that he was going to help burn the gasoline at a nearby house; that this minor carried the can filled with gasoline to the rear of the injured minor's home where several children were playing; that Darwin poured a part of the gasoline on a toy plastic airplane, which ignited, and set fire at the same time to the remainder of the gasoline in the can which Darwin instinctively threw away from himself, and toward the injured minor whose body became covered with burning gasoline causing him severe burns. The court held in this case, affirming the trial court, that the case of Greiving, *supra*, was not decisive here; that "when the seller sold the gasoline to the

boy it was with knowledge the boy was going to burn the gasoline and he was bound to know that in the performance of that burning harm was a likely and not improbable result, and the mere fact the harm occurred to another boy instead of to the boy making the purchase cannot avail the appellant"; that the fact of the burning of the gasoline after it had been taken outside the station was not an intervening act breaking the stream of causation for the seller had specific notice of the use to be given to the gasoline.

In *Díaz Colón* v. *Land Authority*, 96 P.R.R. 42 (1968) and in *Vargas* v. *Water Resources Authority*, *supra*, we held that defendant-appellant was not liable for the death of children drowned in one of its irrigation canals. In *López Reyes* v. *Emmanuelli*, *supra*, we also held that the owner of a building was not liable for the death of a child in falling from the wall of the roof terrace of the building to which he had jumped. Although in all these cases it was stated that "from their most tender age children recognize the danger presented by water, fire and height," the ruling that liability against the builders of irrigation canals or against the owner of the building did not lie was based on the inapplicability of the doctrine of attractive nuisance and on the fact that they had not been negligent. Said cases, therefore, are distinguishable from the case at bar.

█ In our opinion, even though the gasoline was sold by an employee of Pesquera the transaction was not done knowingly or anticipating that the boy himself would apply the patch. Actually the boy was not encouraged or instructed to do so and the mere sale of the gasoline and the patch did not induce him to try to stick it on his own, but as a result, thereof, he carried those materials to the Álvarez station to request to have the work done there. He started to do it on his own when the employee of this last station told him that he could not do it because he was busy but explained to him

how to do it and gave him a small rag and the matches. The act of selling the gasoline and the patch was not a negligent one. Nor did it constitute legal cause of the injuries sustained by the minor in question. *Pabón Escabí* v. *Axtmayer*, 90 P.R.R. 20, 24, 26–29 (1964).

2–3. Appellant Rafael Álvarez alleges that the evidence introduced does not support the finding of the trial court to the effects that appellant was negligent or liable for the accident and that, also, the trial court erred in concluding that it was one of his emloyees who furnished plaintiff with a box of matches, and that in doing so he was doing it in the course of his duties as such.

■ Defendant-appellant, as well as codefendant Pesquera, did not introduce evidence to support his theory. The evidence introduced by the plaintiffs to the effect that in the Álvarez station the minor requested one of those who worked there "whether he could stick the patch to the tube and he told me that he could not because he was busy," but that he explained to him how to do it and lent him a small rag so that the minor would clean the tube with the gasoline and lent him a box of matches, besides explaining to him how to handle the vulcanizing machine, was not rebutted in any manner by defendants. Besides, his testimony was not controverted during cross-examination. The sworn statements given by Claudio Ortega Muñoz and Carmen Álvarez Santiago did not controvert in any manner that testimony but on the contrary they tend to corroborate the presence of the minor and his friend in Álvarez station, and the occurrence of the accident. It seems evident to us that in acting so Rafael Álvarez' employee did it while performing the duties of his job. It was incumbent upon appellant to rebut this presumption as it was done in *Oyola* v. *Heirs of Collazo*, 91 P.R.R. 756 (1965). He decided not to introduce evidence. The findings of the trial judge are supported by the evidence and not based on speculations.

338

■■ We conclude that when the employee of Álvarez station instructed the minor as to the manner of sticking the patch by using gasoline and matches, it was foreseeable that an accident could happen as a result of which the boy could be injured as in effect he was. There is no doubt that inducing him to use gasoline and matches was the legal cause of the injuries he sustained and that the act of the other boy was not an intervening act which exempts appellant Álvarez from liability but that such action was foreseeable. *Clark* v. *Ticehurst, supra.*

■ A person is not relieved of liability by an intervening cause which could reasonably have been foreseen, nor by one which is a normal incident of the risk created. Prosser, Torts 266, 2d ed. We said in *Ginés* v. *Aqueduct and Sewer Authority,* 86 P.R.R. 490, 495 (1962) that "the mere fact that there is an intervening act by a third person, does not convert the actor's action in a remote cause, if he could or should have foreseen that intervention."

In *Moore* v. *St. Louis Southwestern Railway Company,* 301 S.W.2d 395 (Mo. 1957), the law was stated thus:

". . . The general rule is that if a defendant is negligent and his negligence combines with that of another, or with any other independent, intervening cause, he is liable, although his negligence was not the sole negligence or the sole proximate cause, and although his negligence, without such other independent, intervening cause, would not have produced the injury [citations]. The rule further is that if the initial act or omission is one from which harm is the natural, probable and foreseeable consequence then he who performs the original act or makes the original omission is liable, notwithstanding the fact that other causes, conditions or agencies intervene between his negligence and the ultimate result. . . ."

■ As it is said in *Ginés, supra,* defendant is liable if his negligence is a proximate cause of the damage although it might not be the sole proximate cause of such damage.

Appellant alleges that the minor's knowledge of the danger involved relieves him from liability.

■ We have said that a child of tender years is not required to conform to the standard of behavior which it is reasonable to expect of an adult, but his conduct is to be judged by the standard of behavior to be expected from a child of like age, intelligence and experience. *Hérnandez* v. *Acosta*, 64 P.R.R. 166 (1944) ; that "the duty to look out for the safety of a trespassing child ends where the child's capacity to understand and avoid danger begins." *Díaz* v. *Central Lafayette*, 66 P.R.R. 780 (1947). On the ground of these views we had been applying in our jurisdiction the doctrine of contributory negligence which prevented plaintiff who in turn had been negligent to recover for his damages. Act No. 28 of June 9, 1956, amended § 1802 of the Civil Code—31 L.P.R.A. § 5141—cradle of civil liability for negligence, to the effects that "Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." This amendment, by all means, had the purpose of rejecting the doctrine we had previously been using.

■ After 1956, in our opinion, what we have to determine in a case where knowledge of the minor is alleged, is whether in effect that minor had knowledge of the risks or danger involved so that negligence could be charged in his act. Said negligent act, in no way would relieve defendant from liability if he was negligent in his turn, but it would be a guide in order to apply the degrees of negligence corresponding to each one.

■ In determining whether the minor had knowledge of the danger or if he duly appreciated the risk involved, the courts should take into consideration and recognize that which is common knowledge, that is to say, that thoughtless conduct, impulsive action, and immature judgment are con-

comitants of youth and that, although a boy (or a girl) may have all the knowledge of an adult respecting the dangers which will attend a particular act, he (or she) may not have the prudence, thoughtfulness and discretion to avoid them which are possessed by an ordinarily prudent man. *Hosford* v. *Clark*, 359 S.W.2d 424 (Mo. 1962).

In the case at bar the judge found that the boy was 15% negligent. In the light of the circumstances previously reported we do not believe he erred in concluding thus.

In view of the foregoing, the judgment rendered in this case should be modified in the following particulars:

(1) It will be reversed insofar as it imposes liability on Rafael Pesquera and by virtue thereof, the complaint against him is dismissed, and

(2) Considering that the trial court attributed solidarily 65% of the negligence which caused the accident in this case to appellants and that the distribution between Pesquera and Álvarez cannot affect appellees in any manner, we have decided that Álvarez should answer for 65% of the damages caused to appellees.

Thus modified the judgment will be affirmed.