**Dale O. WHITE, Appellant,**

v.

**Richard BASNETT, Appellee.**

**No. 61860.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 26, 1985.

Rehearing Denied April 2, 1985.

Certiorari Denied May 21, 1985.

Released for Publication by Order of Court of Appeals June 3, 1985.

Chapel, Wilkinson, Riggs, Abney & Henson by L. Richard Howard, and Donald M. Bingham, Tulsa, for appellant.

Pray, Walker, Jackman, Williamson & Marlar by John F. McCormick, Jr., Tulsa, for appellee.

ROBINSON, Presiding Judge:

The main issue to be addressed on appeal is whether the filing of a citizen's complaint against a police officer is absolutely privileged under 12 O.S.1981 § 1443.1. This exact issue is one of first impression in Oklahoma.

## FACTS

On August 4, 1980 the city of Tulsa had in effect an emergency rationing ordinance which restricted water usage. On that date, Richard Basnett (Homeowner) was approached by two Tulsa fire marshals who had observed the Homeowner in his yard with a running water hose. The fire marshals attempted to issue a citation to the Homeowner for violating the ordinance, but Homeowner allegedly refused to give his name or sign the citation. The fire marshals then radioed for police assistance and officer Dale White (Officer) responded. Homeowner once again allegedly refused to accept a citation. Homeowner was then arrested and taken to the Tulsa City Jail but was later released into the custody of his wife, a Tulsa lawyer.

Four days later, Homeowner filed a citizen's complaint with the Tulsa police department alleging that Officer was abusive toward him. Homeowner claimed that Officer struck him with a club and slammed the car door against the Homeowner several times. Homeowner also filed a similar complaint against the Officer with the Federal Bureau of Investigation. In response to the Homeowner's complaint, Officer brought a defamation action in District Court alleging that the complaints were false and malicious.

Homeowner denied the complaints were false and malicious and then filed a Motion for Summary Judgment arguing that the complaints were absolutely privileged. After hearing oral arguments, the trial court found that Officer's defamation action was barred by 12 O.S.1981 § 1443.1 as the Homeowner's complaints were absolutely privileged. The trial court also found that the Officer's cause of action was contrary to public policy. Homeowner's Motion for Summary Judgment was granted and Homeowner was awarded costs. Officer appeals arguing that there was a question of material fact as to the malicious nature of Homeowner's complaints and therefore summary judgment was improper.

## LAW

Homeowner (Appellee) argues on appeal that the filing of his complaint against Officer (Appellant) is absolutely privileged under 12 O.S.1981 § 1443.1.

Section 1443.1 provides:

A. A privileged publication or communication is one made:

First. In any legislative or judicial proceeding or *any other proceeding authorized by law;*

Second. In the proper discharge of an official duty;

Third. By a fair and true report of any legislative or judicial or other proceeding authorized by law, or anything said in the course thereof, and any and all expressions of opinion in regard thereto, and criticisms thereon, and any and all criticisms upon the official acts of any and all public officers, except where the matter stated of and concerning the official act done, or of the officer, falsely imputes crime to the officer so criticized.

B. No publication which under this section would be privileged shall be punishable as libel. [Emphasis ours]

■ The governing body of a municipality may enact ordinances, rules and regulations in order to carry out their municipal functions. 11 O.S.1981 § 14–101. In accordance with this statutory authority, the Board of Commissioners of the City of Tulsa has adopted certain procedures for the filing of a complaint against personnel of the Tulsa Police Department. Thus, the filing of a complaint against a police officer is a "proceeding authorized by law."

Although there are several Oklahoma cases interpreting § 1443.1, our research and the research submitted by both parties has not revealed any case directly on point with the facts of the case at bar. However, our sister jurisdiction of California has addressed this precise issue.

First, a brief of the applicable California Statutes is necessary. Section 47 of the California Civil Code, which is strikingly

similar to 12 O.S.1981 § 1443.1, provides in part:

A privileged publication or broadcast is one made—

1. In the proper discharge of an official duty.

2. In any (1) legislative or (2) judicial proceeding, or (3) in any other official proceeding authorized by law, ...

This California Statute was interpreted in *Imig v. Ferrar*, 70 Cal.App.3d 48, 138 Cal.Rptr. 540 (1977). In *Imig*, the defendant filed a citizen's complaint against a police officer, alleging harassment and brutality. The police officer then sued defendant for defamation, alleging that the defendant acted with a state of mind arising from hatred or ill-will towards the plaintiff. The trial court found that the citizen's complaint was a proceeding authorized by law and therefore was absolutely privileged under Section 47 of the California Civil Code. The California Court of Appeals affirmed this finding.

■ We find *Imig* persuasive. The underlying public policy of this absolute privilege is to assure a citizen utmost freedom in reporting suspected wrongdoings. Without the entitlement of an absolute privilege, citizens may be fearful of filing legitimate complaints against police officers. As noted in *Imig*, perhaps "it is distressing and demoralizing for police officers to be subjected to false accusations of brutality, but that may be one of the crosses that a police officer must bear, in light of the power and deadly force the state places in his hands". *Imig v. Ferrar*, 70 Cal.App.3d 48, 52, 138 Cal.Rptr. 540, 544 (1977).

■ Thus, we find that Appellee's complaint is absolutely privileged under 12 O.S. 1981 § 1443.1 and therefore Appellee is entitled to judgment as a matter of law. The trial court did not err in granting summary judgment or by awarding costs.

AFFIRMED.

REYNOLDS and YOUNG, JJ., concur.