**Alford HENNESSEE, Appellant,**

v.

**William MATHIS and Colby Carden, Appellees.**

**No. 63805.**

Court of Appeals of Oklahoma, Division No. 3.

May 12, 1987.

Richard G. Robertson, Lawton, for appellant.

Robert C. Schulte, Lawton, for appellees.

BAILEY, Judge:

This case comes on for review of a jury verdict for Appellees on their counter-claim against Appellant. Appellant Alford Hennessee, former Chief of Police in Lawton, Oklahoma, filed suit against the City of Lawton and Appellees William Mathis and Colby Carden for damages allegedly arising from an arrest of Appellant by the Appellee police officers. Appellant alleged that the Appellees had used excessive force in unlawfully arresting Appellant, injuring Appellant and causing him damages. Appellees counter-claimed against Appellant for defamation, basing their claim on Appellant's filing of a complaint with the Lawton Police Department, and Appellant's expression of his version of the arrest in local newspapers. The jury returned a verdict for Appellees on Appellant's claim; the jury returned a verdict for Appellees Mathis and Carden on their claim for defamation, and awarded each actual and punitive damages. From the jury verdict on Appellees' counter-claim for defamation, Appellant seeks review.

The evidence at trial showed that Appellant became embroiled in a landlord/tenant disagreement with one of Appellant's tenants after Appellant had refused to return certain personal property to his tenant. When the tenant refused to leave Appellant's residence without his property, Appellant allegedly retrieved a pistol from inside his home, and pointing it at his former tenant, ordered the tenant off his premises. At the same time, Appellant directed his wife to call the police.

When the police arrived, Appellant's former tenant was standing in the street in front of Appellant's residence, and recounted to the responding police officers, Appellees Mathis and Carden, what had happened. Seeing the arrival of the officers, Appellant came out of his house and approached the officers. Appellee officers inquired of Appellant as to the existence and possession of the gun, which Appellant had placed in his right hip pocket. Appellant acknowledged that he did have a gun, and motioned toward his hip pocket. While there is some conflict on this point, it was shown that Appellant apparently made some movement toward the gun in his pocket, at which point one officer drew his weapon, telling Appellant to "freeze," while the other officer restrained Appellant from the rear. A scuffle ensued, resulting

in Appellant being handcuffed, forcefully placed in one officer's patrol car, and transported to the police station.

In response to his treatment during the arrest, Appellant filed a complaint with the Lawton Police Department, complaining that the Appellee officers used excessive force in unlawfully arresting Appellant. Appellant also reported his version of the arrest to the local newspaper. Appellant filed suit based on the occurrence, claiming damages. Appellee officers counterclaimed for defamation arising from the filing of the complaint and the Appellant's report to the newspaper.

During trial, however, the trial court suspended the proceedings so that Appellant and the Appellees could take a polygraph examination regarding the occurrences at issue, and which results were revealed to the jury, showing Appellant's "deception" on several issues. No objections to this unusual procedure were taken by either party.

After close of the evidence, the jury was given no instruction with regard to the use of this evidence, but was instructed as to the statutory provisions for the use of reasonable force in making an arrest, and the laws with regard to the carrying of weapons. The Appellant requested no instructions with regard to Appellees' claim for defamation, although he did object to certain requested instructions of Appellees. No instructions regarding the defense of privilege or destruction of the privilege were given; Appellant had pleaded only truth as a defense, generally denying the defamatory cause of action of Appellees by answer.

The jury returned a verdict against Appellant on his claim, and for Appellees on their claim of defamation, awarding each Appellee $12,000 in actual damages and $8,000 in punitive damages. From this award of damages on the Appellees' claim, Appellant seeks review, arguing predominately two points: the failure of the trial court to instruct the jury on the issue of the defense of privilege, and the error of the court in admitting the results of the polygraph examinations given during trial to the parties-litigant.

With regard to the issue of jury instructions on privilege, the record is devoid of any requested instructions of Appellant. Nor has Appellant set forth the objected-to instructions in his brief as required by Supreme Court Rule 15, 12 O.S., Ch. 15, App. 1. Having thus failed to preserve the error in the instructions, we should examine them only to determine whether the instructions given are free from fundamental error. *Croy v. Bacon Transport Co.*, 604 P.2d 136 (Okl.1979). The test for reversible error in instructions is whether the jurors were so misled by the instructions given that a different result was reached than that under proper instructions, or whether there was a serious misdirection in the charge, excluding from consideration a proper issue of the case. *Van Wart v. Cook*, 557 P.2d 1161 (Okl. 1976). In that regard, it is the duty of the trial court to instruct upon all issues raised by the pleadings and the evidence, and failure to so instruct constitutes fundamental and reversible error. *McGuigan v. Harris*, 440 P.2d 680 (Okl.1968).

After a thorough review of the record and transcript, we are of the opinion that the evidence adduced at trial raised the valid issue in defense to Appellees' claim of Appellant's privilege to make such commentary and criticism. In that vein, it is clear that Oklahoma law has recognized a privilege to criticize the acts of public officers, except where that criticism "falsely imputes crime to the officer so criticized." 12 O.S.1981 § 1443.1. This Court has previously held that citizens' complaints against police officers under departmental complaint procedures are absolutely privileged under § 1443.1. *White v. Basnett*, 700 P.2d 666 (Okl.App.1985). In *White*, this Court affirmed the grant of citizen's motion for summary judgment in a defamation action filed by a police officer after citizen filed a complaint against the officer. 700 P.2d 666, 668. Thus, Appellant's filing of a complaint against the Appellee officers at the Lawton Police Department cannot and could not serve as a basis for Appellees' defamation action, and the submission of this evidence without proper instruction to the jury constitutes fundamental error, requiring reversal.

Similarly, and with regard to Appellees' allegations of defamation arising from Appellant's reports of the occurrence to the local newspapers, we believe that evidence also warrants an instruction to the jury on the issue of the defense of privilege and destruction of that privilege. That Appellees are "public officers" or "public officials" for purposes of this case is unmistakable. *Akins v. Altus Newspapers, Inc.*, 609 P.2d 1263 (Okl.1977), cert. den. 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 467; *White v. Basnett, supra.* In order to recover, then, Appellees must show publication of a false and defamatory statement by Appellant, which was made with knowledge of the statement's falsity, or made with reckless disregard for the statement's falsity (i.e., malice). *Miskovsky v. Okla. Pub. Co.*, 654 P.2d 587 (1982), cert. den. 459 U.S. 1059, 103 S.Ct. 479, 74 L.Ed.2d 625; *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Appellant may then deny the charge, assert the truth of the statement made, and may assert in defense the privileged nature of the statement. 12 O.S.1981 § 1443.1, *supra.*

However, the protection afforded by the privilege does not protect false statements or lies. *Jurkowski v. Crawley*, 637 P.2d 56 (Okl.1981). On the other hand, if the statements are shown to be merely statements of opinion, and not statements of fact, such statements are incapable of being false; statements of opinion are not actionable if a reasonable reader of the statements would not have interpreted the words as imputing a criminal act. *Miskovsky v. Okla. Pub. Co., supra.*

Under these rules, the evidence adduced at trial, at best, raised conflicting inferences as to the truth of the statements, or whether the statements constituted privileged and protected opinion or defamatory imputations of criminal conduct. As we believe the Trial Court was under a duty to instruct on all issues raised by the evidence, and that the evidence raised the issues of protected privilege, opinion, and destruction of the privilege through lies or malice, the failure to instruct on these issues constituted fundamental error, requiring reversal.

We also note that in this case, the Trial Court allowed the administration of polygraph examinations to all parties/litigant during the course of trial, and further allowed argument on the results of the tests to be presented to the jury. While it is clear that Appellant did not object at each time the issue of polygraph examinations arose, consented to the testing procedure, and thus may have waived any objection thereto, we believe the introduction of the polygraph results through argument of counsel is so prejudicial as to constitute reversible error. While the courts of Oklahoma have not squarely addressed the issue of admissibility of polygraph examination results in civil matters, the Supreme Court has indicated that the admission of results of such tests is discouraged. *Hames v. Anderson*, 571 P.2d 831 (Okl. 1977). In criminal matters in this state, the admission of such test results constitutes reversible error. *State v. Cook*, 574 P.2d 1073 (Okl.Cr.1978). Thus, and notwithstanding Appellant's failure at each mention of the polygraph to object and Appellant's subsequent acquiescence to the taking of the test, we hold that polygraph examinations have not reached such a degree of scientific accuracy to warrant the admission of the results of such a test, regardless of the agreements of the parties. *State v. Cook, supra; Hames v. Anderson, supra* (dissent).

As we reverse the jury verdict for Appellees against Appellant, we do not discuss the attorney fees issue raised by Appellant as being rendered moot by the decision in this case. We therefore REVERSE the decision below, and REMAND the cause for a new trial on Appellees' counter-claims against Appellant, with instructions to be given in accordance with this opinion and the laws of the State of Oklahoma.

REVERSED AND REMANDED.

HANSEN, P.J., and HUNTER, J., concur.