Cherie LEWIS, as mother and next
friend of David Lewis, a
minor, Appellant,

v.

DEPENDENT SCHOOL DISTRICT NO.
10 OF POTTAWATOMIE COUNTY,
OKLAHOMA, Appellee.

No. 72801.

Court of Appeals of Oklahoma,
Division No. 1.

Dec. 26, 1990.

Rehearing Denied Feb. 5, 1991.

Certiorari Denied March 27, 1991.

Mike W. Speegle, Oklahoma City, for appellant.

Stephen L. Olsen, G. Calvin Sharpe, Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant Cherie Lewis (Mother), mother and next friend of David Lewis, a minor (Child, or hereinafter collectively Plaintiff) seeks review of judgment entered on jury verdict for Appellee Dependent School District No. 10 of Pottawatomie County, Oklahoma (School) in Plaintiff's negligence action. Herein, Plaintiff asserts error by the Trial Court (1) in failing to give Plaintiff's requested jury instructions regarding negligence of a child under fourteen years of age, and (2) in allowing a witness not listed by name on the pre-trial order to testify at trial.

While playing field hockey at School, Child, then ten (10) years old, suffered injury when another player accidentally struck Child in the right eye with a hockey stick. Plaintiff subsequently commenced the instant action, asserting that Mother had advised School not to allow Child to engage in contact sports, and that School and/or Child's teacher had been negligent in supervising Child's play, resulting in Child's injury. School answered, denying that Mother had proscribed Child's participation in sports, denying Plaintiff's allegations of negligence, and asserting Child's contributory negligence.

The parties subsequently met for pre-trial conference. In the Trial Court's Pre-Trial Order, Plaintiff listed as witnesses, *inter alia*, "office personnel" of School, who would testify concerning "notice." School's list of witnesses included "all witnesses listed by" Plaintiff.

At trial, Mother testified that she had admonished school officials, upon enrollment of Child, that Child should not be allowed to engage in contact sports which might result in injury because Child suffered from borderline hemophilia. School extensively cross-examined Mother concerning her admonitions for Child's safety at school, and her knowledge of Child's participation in contact sports thereafter. Child's physical education teacher, Mr. Woods, testified that, although the children under his supervision were moved at least thirty feet away, Child came too close to another player making a penalty shot, and that Child was thereby injured. Woods also testified that Child admitted, after the accident, that Child "was where [he] wasn't supposed to be." Child's ophthalmologist testified that the damage to Child's eye was permanent, and that Child's condition would require future treatment. Over Plaintiff's objection, the Trial Court allowed School to present testimony of Ms. Alice Morgan, a member of School's office personnel. Neither party hereto designated Ms. Morgan's testimony for inclusion in the appellate record, and we are therefore unable to determine the substance or relevance thereof.

After presentation of evidence, Plaintiff submitted requested jury instructions, specifically concerning a child's capacity for negligence, which the Trial Court refused.[1]

---

1. Plaintiffs' requested jury instructions provided:

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 28

Should you find negligence on the part of a parent of the [Plaintiff], Cherie Lewis, that negligence cannot be charged to the child to prevent or reduce recovery by the child for injury the child may have sustained as a result of the combined negligence, if any, of the [Appellee], Dependent School District No. 10 of Pottawatomie County, Oklahoma.
OUJI–CIV 9.16.

The Trial Court thereafter instructed the jury without further objection by Plaintiff.[2] The jury subsequently returned its verdict, finding Plaintiff sixty percent (60%) negli-

gent, and School forty percent (40%) negligent, thereby denying Plaintiffs' recovery. Plaintiff now seeks review as aforesaid.

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 29

The minimum age of civil liability or capacity for negligence is the same as the law which governs criminal accountability. That law provides that Children between the ages of seven and fourteen are not capable of committing crimes or neglect unless they know its wrongfulness.
*Strong v. Allen*, [768 P.2d 369 (Okl.1989)].

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 30

In Oklahoma a child under the age of seven years, or in the absence of evidence establishing capacity, one between the ages of seven and fourteen, is presumed incapable of negligence.
*Strong v. Allen*, [768 P.2d 369 (Okl.1989)].

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 31

Roy Woods was the employee of the defendant, Dependent School District No. 10 of Pottawatomie County, Oklahoma at the time of this occurrence. Therefore an act or omission of Roy Woods at the time was in law the act or omission of the defendant, Dependent School District No. 10 of Pottawatomie County, Oklahoma.
OUJI–CIV 7.2.

**2.** The instructions given by the Trial Court provided in pertinent part:

No. 5. DEFINITION OF NEGLIGENCE AND ORDINARY CARE

"Negligence" is the failure to exercise ordinary care to avoid injuring or causing damage to another. "Ordinary care" is that degree of care which a reasonably careful person would use under the same or similar circumstances. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide. Thus, under the facts in evidence in this case, if a party failed to do something which a reasonably careful person would do, or did something which a reasonably careful person would not do, such party would be negligent.

No. 12

Children are under a duty to use that degree of care which children of like age, experience, and intelligence are accustomed to use under similar circumstances to protect themselves from injury.

No. 13. THE ISSUES IN THIS CASE AND THE BURDEN OF PROOF THEREON.

The plaintiffs have the burden of proving each one of the following propositions in order to recover on their petition:
FIRST: That Mr. Roy Woods acted, or failed to act, in one of the ways claimed by them; and,
SECOND: That such action, or inaction, constitutes negligence as defined in these instructions; and,

THIRD: That [Child] was injured and that they sustained damages; and,
FOURTH: That [Child's] injury and ... damages were directly caused by negligence on the part of Mr. Roy Woods.

On the other hand, the defendant has the burden of proof on its additional defense of contributory negligence on the part of [Child], which, in order to establish, it must prove each one of the following propositions:
FIRST: That [Child] acted in the way claimed by defendant; and,
SECOND: That such action constitutes negligence as defined in these instructions; and,
THIRD: That the negligence of [Child] contributed to the cause of the accident.

No. 14. DEFINITION OF CONTRIBUTORY NEGLIGENCE

"Contributory Negligence" is negligence of the plaintiff [Child] which occurs with negligence of Mr. Roy Woods to cause the injury and damages.

No. 15

Roy Woods ... [was an] employee of [School] at the time of this accident. Therefore, an act or omission of Roy Woods ... was in law the act or omission of [School].

No. 16 COMPARATIVE NEGLIGENCE

If you find that the accident was caused by the negligence of defendant, ... and not by any negligence on the part of [Child] that contributed to the cause of the accident, then plaintiff is entitled to recover the full amount of any damages, not to exceed the amount sued for, which you may find that plaintiff has sustained as a result of the accident....

If you find that the accident was caused by the negligence of plaintiff, [Child], and not by any negligence on the part of defendant, [School], or if you find that plaintiff has failed to prove that the [School] was negligent, then you shall ... find for [School] on the question of liability.

If you find the accident was caused by negligence on the part of both the plaintiff and defendant then you must determine the percentages of their negligence as it compares to One Hundred Percent (100%)....

... If the negligence of plaintiff is not greater than the negligence of defendant, then the plaintiff is entitled to recover the full amount of any damages, not to exceed the amount sued for, which you may find plaintiff has sustained as a result of the accident; but, the Court will reduce such damages in the proportion plaintiff's own percentage of negligence, as determined by the jury, bears to the total damages sustained by the plaintiff. If the percentage of negligence of plaintiff is greater than the percentage of negligence of defendant then the plaintiff is not entitled to recover any damages.

■ As a general proposition, the tests on review of instructions given or refused are whether there is a probability that the jurors were misled and thereby reached a different conclusion than they would have reached but for the questioned instruction, or there was excluded from consideration a proper issue of the case.[3] Where the Trial Court fails to instruct on an issue properly raised in the pleadings and/or by the evidence, the judgment should be reversed and the cause remanded for new trial on proper instruction.[4] With these rules in mind, we turn our attention to the substance of Plaintiff's allegations of error.

■ In one of several subpropositions of error, Plaintiff complains of the Trial Court's refusal to give Plaintiff's Requested Instructions Numbers 29 and 30, delineating a child's capacity for negligence. Hereunder, Plaintiff asserts that Oklahoma law presumes Child, then ten (10) years old, incapable of either actionable negligence or defensive contributory negligence absent evidence of Child's appreciation of the "wrongfulness" of his acts or neglect.[5] Thus, says Plaintiff, at the very least, the issue of Child's appreciation of the "wrongfulness" of his actions should have been submitted to the jury, and the Trial Court committed reversible error by refusing to instruct the jury thereon.[6]

■ Under the facts and circumstances of this particular case, we agree with Plaintiff and find the Trial Court erred in refusing to give Plaintiff's Requested Instructions Numbers 29 and 30. Plaintiff's Requested Instructions Numbers 29 and 30 accurately set forth the law in Oklahoma, and we find the testimony of Child's physical education teacher, Mr. Woods, sufficient to justify submission of the issue of Child's appreciation of his own neglect at the time of the injury to the jury. That is to say that the jury might conclude, from Child's admission that he "wasn't where [he] was supposed to be," that Child in fact appreciated, at the time of his injury, the wrongfulness of his conduct, and Child would thus be held to the duty of care of other children of like age and experience as instructed by the Trial Court. On the other hand, the jury might well conclude that Child did *not* appreciate the danger until *after* occurrence of the injury, and did not therefore possess the requisite appreciation of the wrongfulness of his conduct at the time of the injury. Under such a circumstance, Child would be deemed incapable of defensive contributory/comparative negligence under Oklahoma law.[7] To reiterate, we believe the evidence compels submission of the issue of Child's knowledge of the wrongfulness of his acts to the jury for a determination thereof, and the Trial Court's refusal in that regard mandates

3. See, e.g., *Ankney v. Hall,* 764 P.2d 153 (Okl. 1988); *Woodall v. Chandler Material Co.,* 716 P.2d 652, 654 (Okl.1986); *VanWart v. Cook,* 557 P.2d 1161 (Okl.App.1976).

4. See, e.g., *Hennessee v. Mathis,* 737 P.2d 958 (Okl.App.1987); *McGuigan v. Harris,* 440 P.2d 680 (Okl.1968).

5. 21 O.S. 1981 §§ 152(1), (2) ("Children over the age of seven (7) years, but under the age of fourteen (14) years [are incapable of negligence], in the absence of proof that at the time of committing the ... neglect charged against [such children], [such children] knew its wrongfulness"); *Strong v. Allen,* 768 P.2d at 370, 372 (child of tender years cannot be guilty of contributory negligence); accord, *Hampton v. Hammons,* 743 P.2d 1053, 1061 (Okl.1987); *Connor v. Houtman,* 350 P.2d 311, 313 (Okl.1960). See also, *Keck v. Woodring,* 201 Okl. 665, 208 P.2d 1133, 1135 (1948) (child under age seven, or, in the absence of evidence establishing capacity, child between age seven and fourteen presumed incapable of negligence); accord, *Ramage Mining Co. v. Thomas,* 172 Okl. 24, 44 P.2d 19, 23 (1935); *City of Shawnee v. Cheek,* 41 Okl. 227, 137 P. 724, 732 (1913).

6. See also, *Knowles v. Tripledee Drilling Co., Inc.,* 771 P.2d 208, 211 (Okl.1989) ("The burden of proving ... capacity of child as it relates to the defense of contributory negligence falls on defendant and is, ultimately, a question for the jury to consider" in plaintiff's attractive nuisance action where defendant interposes defense of injured twelve-year-old child's contributory negligence.) Accord, *City of Shawnee v. Cheek,* 137 P. at 732.

7. 21 O.S. 1981 §§ 152(1), (2); *Strong v. Allen,* 768 P.2d at 370, 372; *Hampton v. Hammons,* 743 P.2d at 1061; *Connor v. Houtman,* 350 P.2d at 313; *Keck v. Woodring,* 208 P.2d at 1135; *Ramage Mining Co. v. Thomas,* 44 P.2d at 23; *City of Shawnee v. Cheek,* 137 P. at 732.

that the judgment be reversed and the cause remanded for new trial on proper instruction.

■ In another of the several subpropositions, Plaintiff asserts the Trial Court erred in refusing to give Plaintiff's Requested Jury Instruction Number 28, by which Plaintiff sought to prohibit the imputation of any alleged negligence by Mother to Child. Hereunder, Plaintiff argues that School, through cross-examination of Mother and testimony of other witnesses, attempted to establish Mother's negligence (1) in warning School officials of Child's medical condition and (2) in subsequent apparent acquiescence to Child's participation in contact sports, in order to improperly impute Mother's negligence to Child, and to thereby avoid liability.[8] Thus, says Plaintiff, the Trial Court erred in failing to give Plaintiff's requested instruction with regard thereto.

■ Considering our previous holding finding error in other instructions, we believe on new trial the jury should be instructed on this issue also. As we view the allegations and evidence, Plaintiff attempted to establish (1) a duty of School, pursuant to Mother's admonitions, to withhold Child from participation in contact sports, (2) a breach of that duty by allowing Child's participation in contact sports, and (3) damages (4) proximately flowing from such breach, all crucial elements of that part of Plaintiff's negligence claim, and on which Plaintiff bore the ultimate burden of proof.[9] We believe School thereafter could properly rebut Plaintiff's prima facie evidence of such a duty and breach by exploring the sufficiency of Mother's warnings and her subsequent conduct, either consistent or inconsistent with her prior warnings, so as to negate Plaintiff's assertion of duty and breach. However, the jury, without a

cautionary instruction regarding imputation of Mother's negligence to Child, may very well have believed that any negligence committed by Mother in communicating her concerns for Child's safety could properly be attributed to Child to defeat Plaintiff's recovery.. Where faced with evidence properly admissible for one purpose, but clearly not properly admissible on another, we find the Trial Court commits reversible error by failing to instruct the jury on the permissible and impermissible uses thereof. We therefore find the Trial Court erred in refusing to give Plaintiff's Requested Instruction No. 28, and direct on new trial that such an instruction be given to the jury.[10]

In the last subproposition, Plaintiff alleges error of the Trial Court in refusing to give Plaintiff's Requested Instruction Number 31 on the issue of Child's teacher's agency relationship with School. We go no farther than to observe that the Trial Court's Instruction Number 15 adequately addresses the issue, and we reject Plaintiff's allegation of error with regard thereto.[11]

■ In the final proposition of error, Plaintiff asserts error of the Trial Court in allowing testimony of Ms. Morgan, a member of the office personnel at School. Hereunder, Plaintiff contends that Ms. Morgan was not specifically endorsed by name in the Pre-trial Conference order as a witness to be called by either party, and that her testimony should not have been allowed.[12] School responds, arguing that (1) Plaintiff listed unnamed "office personnel" as potential witnesses for Plaintiff in the Pre-trial order, (2) that Plaintiff was well-aware of Ms. Morgan early in the discovery process, and (3) that Plaintiff has failed to establish any prejudice resulting

---

8. *Strong v. Allen,* 768 P.2d at 371; *Hostick v. Hall,* 386 P.2d 758 (Okl.1963).

9. See, e.g., *Loper v. Austin,* 596 P.2d 544 (Okl. 1979).

10. *Strong v. Allen,* 768 P.2d at 371.

11. *Kimery v. Public Svc. Co. of Okla.,* 622 P.2d 1066, 1072 (Okl.1980); *Smith v. United States Gypsum Co.,* 612 P.2d 251 (Okl.1980); *Bentley v.*

*Hardin,* 577 P.2d 471 (Okl.App.1978); *Linn v. Barnett's, Inc.,* 503 P.2d 1276 (Okl.1972).

12. Rule 5, Rules for the District Courts, 12 O.S. 1981, Ch. 2, App.; *Middlebrook v. Imler,* 713 P.2d 572 (Okl.1985); *Short v. Jones,* 613 P.2d 452 (Okl.1980).

from admission of Ms. Morgan's testimony. However, and as we have previously noted, the substance of Ms. Morgan's testimony does not appear in the record on appeal, and we are unable to determine (1) whether the Trial Court abused its discretion by allowing Ms. Morgan's testimony, or more importantly, (2) whether Plaintiff was prejudiced thereby.[13] Absent a showing of demonstrable prejudice resulting from the admission of such testimonial evidence, we will not disturb the Trial Court's ruling.[14]

The judgment entered on jury verdict for Defendant School and against Plaintiff is therefore REVERSED, and the cause REMANDED for new trial.

ADAMS, J., concurs.

MacGUIGAN, J., not participating.

---

**13.** See, e.g., *Payne v. McRay Bros.,* 446 P.2d 49 (Okl.1968) (where party complains of erroneous admission of testimony, complaining party has burden of showing inadmissibility of evidence and resulting prejudice arising from admission thereof); *Hutchings v. Hales,* 440 P.2d 725 (Okl. 1968) (it must affirmatively appear that admission of incompetent evidence was prejudicial in order to warrant reversal therefor).

**14.** See also, *Missouri–Kansas Texas R. Co. v. Hayes,* 445 P.2d 254 (Okl.1968) (where complaining party fails to demonstrate resulting prejudice from admission of incompetent evidence, appellate court will not reverse judgment.)