Linda Lou CONNOR, a minor, through her father and next friend, Dale Connor, Plaintiff in Error,

v.

Paul HOUTMAN, Betty Houtman and Ronnie Paul Houtman, Defendants in Error.

No. 38565.

Supreme Court of Oklahoma.

March 1, 1960.

Floyd L. Walker and Kenneth L. Stainer, Tulsa, for plaintiff in error.

Rucker, Tabor & Cox, Joseph M. Best, O. H. (Pat) O'Neal, Tulsa, for defendants in error.

BERRY, Justice.

In this action plaintiff in error, Linda Lou Connor, hereafter referred to as "Linda Lou" or "plaintiff", a minor, seeks through her father to recover damages from defendant in error, Ronnie Paul Houtman, hereafter referred to as "Ronnie", a minor, for an assault and battery committed upon her person by Ronnie. Linda Lou also seeks to recover damages from defendants in error, Paul Houtman and Betty Houtman, who are Ronnie's parents, resulting from said assault and battery.

The facts bearing upon the assault and battery are in substance these: On October 19, 1955, Ronnie, Linda Lou and three other children had gathered near a pile of gravel that had been deposited on a driveway in the proximity of Ronnie and Linda Lou's homes. Ronnie was playing with a bow and arrow. The bow is described as being from 2 feet to 2½ feet or 3 feet or 3½ feet long and as being a bow such as is customarily sold in 5 and 10 cent stores. The arrow is described as being a cylindrical wooden dowel approximately 15 inches long and approximately ¼th inch in diameter. The arrow was notched at one end in order to fit same to the string attached to the bow and was blunt at the other end. One of the children, Martha Ann Daniel, in the group gathered near the gravel pile, testified that Ronnie discharged an arrow from the bow which struck Linda Lou in the eye. As a result of the arrow striking Linda Lou's eye, she sustained a painful and permanent injury thereto.

At the time the accident occurred Linda Lou was two years old and Ronnie was three years and nine months old. The child, Martha Ann, who testified was four years old at the time the accident occurred and seven years old when she testified. She is the only child, and for that matter, the only witness who testified relative to the cause of the eye injury that Linda Lou sustained.

It is not contended that Ronnie intended that the arrow strike Linda Lou or that Ronnie had made a practice of shooting arrows while at play with other children, nor is it contended that Ronnie was other than normal in behavior.

At the close of the trial which was to a jury, the trial court instructed a verdict in favor of defendants in error. From said court's order overruling plaintiff's motion for new trial, she appealed.

We will first consider the appeal as to Ronnie.

Plaintiff in error contends that "An infant, without regard to his age is responsible for damages resulting from an assault and battery."

As a general rule an infant tortfeasor is liable in a civil action to the in-

jured person. 27 Am.Jur. "Infants", Sec. 90, p. 812 and 43 C.J.S. Infants § 87, p. 202. This rule was recognized and applied in Keel v. Hainline, Okl., 331 P.2d 397.

■ A well-established exception recognized by a majority of the courts to the above referred-to rule, is that a child of tender years is incapable of personal negligence. See cases cited in annotated notes beginning at page 102, 107 A.L.R., which cases sustain proposition that the majority of courts hold that an infant under 5 years of age is incapable of negligence.

The Supreme Court of Wisconsin in Shaske v. Hron, 266 Wis. 384, 63 N.W.2d 706, 707, stated that the basis of the above referred-to exception is this:

"* * * There is a dividing line in child development of intelligence and aptitude below which a child is not expected to conform to the standard of behavior reasonably expected of an older person, and because of this lack of development the acts of a child are to be judged by a standard of behavior based on what may be reasonably expected from such a child. * * * 'If he is so young as to be manifestly incapable of exercising any of those qualities of attention, intelligence, and judgment which are necessary to enable him to perceive a risk and to realize its unreasonable character,' he is generally held incapable of negligence. Restat. 2 Torts, sec. 283, par. (e), p. 743."

Immediately following the above quoted statement the court said:

"(4, 5) There is an age of a child at which general experience declares him to be non sui juris, and it has been generally considered that a child under five and one-half years of age is incapable of either contributory or primary negligence. * * *"

See also 65 C.J.S. Negligence § 2e, p. 327.

In the cited case a child who was four years and eight months old threw a stone striking and breaking a bottle. A chip of glass from the broken bottle struck a playmate, who was standing near by, in the eye. As indicated, the court held that the child, because of his age, was incapable of negligence.

■ The trial court did not err in instructing the jury to return the verdict in favor of Ronnie.

We next consider plaintiff's action as to Ronnie's parents.

The evidence discloses that Ronnie's mother purchased the bow for Ronnie's use. His father testified that he fashioned the arrows which have heretofore been described. That he did not affix feathers in the notched nock-end of the arrow was for the reason that if feathers were not affixed, the arrow when shot would float through the air erratically. Feathers or vanes affixed at the nock-end of an arrow serve the same general purpose as rifling in the bore of a firearm. The feathers or vanes cause the arrow, upon being shot, to spin, which tends to cause the arrow to follow a straight course with resulting increase in velocity and range.

There is no evidence as to the length of time that Ronnie played with the bow and arrow prior to date of the eye injury that Linda Lou sustained, and no evidence that Ronnie played with same when other children were present. Negligence on the part of Ronnie's parents is predicated wholly upon the proposition that a parent is negligent in entrusting a dangerous instrumentality to a child, who because of his age and inexperience might use the instrumentality in such a way as to endanger the person of another.

■ It is settled law in this jurisdiction that "A parent, as such, is not liable for the negligence of a child in handling an instrumentality furnished by the parent, where the instrumentality is not per se dangerous, unless at the time of the act complained of the child was engaged in the pursuit of some purpose incident to the business of the father. * * *" The quoted matter is taken from the first paragraph of the sylla-

**314**

bus to McCullough v. Harshman, 99 Okl. 262, 226 P. 555.

In Wagner v. Barbin, 12 La.App. 640, 125 So. 766, 767, this is said in connection with the asserted liability of a father for damages resulting from a personal injury inflicted by his son in casting a stone from a sling-shot:

> "(1) There was not any evidence introduced showing that the 'sling-shot' was a dangerous weapon, in the sense in which a firearm is so regarded, and the evidence establishing that defendant's son was about 14 years of age, and that children were generally permitted to use such instruments, and it not being shown that defendant's son had used the 'sling-shot' off of defendant's premises, or that it has been used by him in a mischievous manner, we do not think that, having regard either to the character of the instrument, the place in which defendant's son was permitted to use it, or the manner in which he had previously used the instrument, shows lack of parental care or discipline by defendant, * * *".

A review of the authorities develops that generally speaking, an air rifle, where possession or use is not prohibited by statute or ordinance, is not considered a dangerous instrumentality per se in the hands of a child and that a parent is not liable for injuries inflicted by the child in using the rifle in absence of proof that the parent knew that child, at time of injury or prior thereto, was or had wrongfully or improperly used same. See Martin v. Barrett, 120 Cal.App.2d 625, 261 P.2d 551, where a number of the referred-to authorities are reviewed.

We are of the opinion that the bow and arrow in controversy was not per se a dangerous instrumentality in Ronnie's hands. And in view of the fact that it is not shown that either parent knew at the time of the accident or prior thereto that Ronnie was improperly using or had improperly used the bow and arrow, the parents, as a matter of law, were not guilty of negligence. The trial court therefore did not err in instructing the jury to return a verdict in the parents' favor.

Affirmed.

WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.