**A. B. HOSTICK, Plaintiff in Error,**

v.

**Betty Jo HALL, by Barbara Hall, her mother and next friend, Defendant in Error.**

**No. 39990.**

Supreme Court of Oklahoma.

Oct. 1, 1963.

As Corrected Nov. 12, 1963.

Rehearing Denied Nov. 12, 1963.

Covington & Gibbon, A. M. Covington, James E. Poe, Tulsa, for plaintiffs in error.

Holliman, Brewer & Worten, Bartlesville, for defendant in error.

**PER CURIAM.**

Betty Jo Hall, a 17 months old child at the time of the injuries involved herein, together with her mother, had gone to the Speed Queen Coin-O-Matic laundry in Bartlesville, which was open to the public for washing, drying and starching clothes for a charge. The plaintiff was awarded damages for injuries received when she was scalded and severely burned when she turned on a hot water faucet at the sink. The appeal presents the principal question as to whether the defendant used reasonable care in the maintenance of the sink so as to protect young invitee children from injury. The parties will be referred to as designated in the trial court.

Plaintiff's petition alleged in substance that the laundry in question was open to the public for washing, starching and drying clothes and that it was the custom of parents to bring their small children with them when doing their laundry in said place of business; that small children were daily in and about said premises with their parents with the knowledge and consent of the

owner defendant. That the defendant maintained a scalding hot water faucet on the sink which was unattended and unguarded and that the faucets as maintained by the defendant were constructed in a negligent and improper manner and that the easy access thereto created an attractive nuisance and that the defendant was negligent in not maintaining a reasonably safe condition for a child of plaintiff's age. That plaintiff crawled upon a chair which was near the sink, turned on the hot water faucet causing severe and serious burns and permanent scars from the hot water emitted therefrom.

Defendant answered by way of a demurrer to the petition which was overruled.

Defendant then filed his answer in which he denied that the sink as constructed constituted an attractive nuisance and further denied that he was guilty of any negligent conduct and alleged that the accident was unavoidable. Defendant further alleged that the sink where plaintiff was injured was a necessary, proper and customary apparatus for such a business and that the sink was in no way negligently constructed and maintained and that placing a guard around the sink would be abnormal and would prevent its proper use by his patrons. Defendant further denied that he had ever assumed any responsibility for caring for the children and that this was known to plaintiff's mother and to defendant's patrons.

Plaintiff's reply denied that her mother was negligent or that her negligence was imputed to plaintiff, and further denied that her mother assumed the risk of plaintiff's injury.

The undisputed evidence shows that the plaintiff was seventeen months old at the time of the injury. That plaintiff was a small child for her age. That plaintiff's mother had been a customer of defendant's laundry for approximately three years on an average of once a week and that about everytime she went to the laundry she saw children there; that on occasions she took her children there. That on the day of the accident she took plaintiff, and her twin brother, and plaintiff's four year old sister with her. That the water coming into the sink was for starching and was hotter than the water that flowed through the washer.

Other evidence on behalf of plaintiff was given by plaintiff's mother, who testified that she put her laundry into the two front machines and sat down in the front of the laundry and played with her three children; that the children were all at the front of the laundry when she went to the washing machines to remove her clean clothes; that she had removed just a few of her clothes from the first machine and been there maybe a minute when she heard plaintiff scream; that neither she nor any of her three children had been back to the sink until she heard plaintiff scream. She further testified that the sink was at the rear northeast corner of the building and that the faucets were on the side of the sink rather than on the back of the sink; that the boiling hot water faucet was closest to the front of the sink; that it only took a second for the hot water to flow after the faucet was turned on and that the water was much hotter than is ordinarily found in the home; that it was about a minute after she last saw plaintiff before she heard her scream; that when witness heard plaintiff scream she ran to the sink and plaintiff's arm was under the hot water and water was splashing in her face; that plaintiff was badly scalded and witness immediately took her to the hospital. The witness further testified that the sink was three or four feet from the floor; that plaintiff was not tall enough to reach the faucet from the floor and that plaintiff reached the faucet by climbing on a chair which was standing against the wall beside the sink; that the hot water faucet was easily turned and was right close to the front where it was easily accessible; that had the faucet or spigot been placed on the back of the sink plaintiff could not have reached it even with the aid of the chair.

Murlin Hall testified on behalf of plaintiff that he had been in defendant's laundry

on a number of occasions and that most every time he was there he saw children of various ages. He further testified that the sink was in the northeast corner of the building and that the faucets were on the north end or side of the sink rather than the back; that it was about nine inches from the front of the sink to the hot water faucet; that it was two feet or more from the front to the back of the sink; that plaintiff could not have reached the hot water faucet had it been on the back of the sink.

The medical testimony on behalf of plaintiff was to the effect that plaintiff had received severe first, second and third degree burns about her head, left ear and down the side of her neck and body; that she was hospitalized for three or four weeks; that skin was removed from her thigh and grafted on her ear and down the left side of her neck and that her scars are permanent, and that her appearance could not be improved by plastic surgery.

The defendant, in his own behalf, testified that he had owned and operated the laundromat since its existence in 1957; that he maintained a sink and water faucets in the right rear corner of the building; that it was a usual and ordinary fixture found in all serve your-self laundries; that there had never been another incident of a child playing at the sink either before or after this particular incident. He further testified that he was present on the morning involved when Mrs. Hall and her children arrived and after about 15 minutes he left the premises because the children were making so much noise it made him nervous; that he was not present when plaintiff was burned; that when he returned to the premises one of the children's chairs had been moved back in the vicinity of the sink; that he had known of children dragging the chairs around but to his knowledge none of them had ever taken one to the vicinity of the sink; that he did not allow children on the premises unless they were accompanied by their parents; that he maintained signs on the premises directing parents to keep their children away from the equipment and that

"we are not responsible for accidents". That the hot water for the sink came directly from the boiler.

A picture showing the location of the washers, dryers, and the hot water sink was introduced in evidence as the joint exhibit of both plaintiff and defendant. The jury was also permitted to view the premises where the accident occurred.

The trial court over-ruled defendant's demurrer to plaintiff's evidence.

The decisive question for our determination is whether there was sufficient evidence for the trial court under the facts and circumstances involved herein to submit the case to the jury.

At the outset we are of the opinion that the law is well settled that one who invites children on his premises must take precautions dictated by ordinary care to protect them from injury by any instrumentality on premises which is likely to attract them and subject them to dangers which a reasonably prudent person would anticipate. Takashi Kataoka v. May Department Stores, 60 Cal.App.2d 177, 140 P.2d 467.

This case does not present the true type of case usually involved under the attractive nuisance doctrine. It does, however, present the issue as to whether, the hot water sink, the chair accessible thereto and the manner in which the faucets were constructed and maintained, coupled with the fact that the sink was immediately connected with the boiler so as to instantaneously emit scalding hot water after turning on easily operated faucet, created such a condition that would cause the jury to determine that the defendant did not use reasonable precautions, under all the facts and circumstances, to protect plaintiff from injury.

Before entering a discussion of the vital question involved several preliminary legal questions should be determined.

1. It has been a long standing rule in this state that the negligence of the parents may not be imputed to

their children of tender years. Atchison, T. & S. F. R. Co. v. Calhoun, 18 Okl. 75, 89 P. 207; Patsy Oil & Gas Co. v. Odom, 186 Okl. 116, 96 P.2d 302. Therefore negligence, if any, on the part of the mother could not be imputed to the plaintiff.

 2. A customer who enters a store for purpose of trade occupies the status of an invitee. The plaintiff who went to the laundry with her mother was an invitee. 65 C.J.S. Negligence § 44, p. 520; Owen v. Kitterman, 178 Okl. 483, 62 P.2d 1193. Therefore plaintiff was entitled to the reasonable care as hereinbefore outlined.

3. The question as to whether the seventeen month old plaintiff could be guilty of contributory negligence is not presented.

The defendant relies on several Oklahoma cases which involve the duties owed to a trespasser which are not in point by reason of the differences in the duties owed a trespasser and that of an invitee. Defendant particularly relies on our recent case of J. C. Penney Co. v. Clark, Okl., 366 P.2d 637. We are of the opinion that the facts in the cited case are materially different than in the present case. In the Clark case a child, three and one-half years of age was injured when a shoe fitting stool with which she was playing overturned at a time when she was in the store with her parents. The stool was an ordinary shoe fitting device used in all shoe stores which was not itself dangerous. There was no proof whatsoever that the stool was defectively constructed or maintained, or that the stool had a broken leg or sharp edges that was known or should have been known to the defendant.

 The facts in the case at bar show that while the sink was not in itself dangerous or attractive to children other connecting circumstances could have made it so. It is common knowledge that a sink with a chair nearby creating a vehicle where children could reach the sink could create an attraction for a child. The sink in combination with the chair would be a matter for the determination of the jury as to whether an attractive nuisance was created. The proof relative to the location of the faucet on the sink is clear. The evidence is also clear that the plaintiff could not have reached the hot water faucet had it been placed on the back instead of the side of the sink. There is no question about the plaintiff getting on the chair, turning on the faucet and being burned and permanently injured. The evidence is not clear as to how the chair happened to be by the sink, but the evidence is clear that the sink was unattended. The evidence is clear that the plaintiff did not have the strength to have placed the chair near the sink.

Neither party called our attention to any Oklahoma cases and we have found none, which contain facts similar to those involved herein. The nearest case we have been able to find is Crane v. Smith et al., 23 Cal.2d 288, 144 P.2d 356, which answers many of the questions in controversy. There a three year old child, while in company with her mother who was a shopper at a market, inserted her finger in a coffee grinding machine which was easily accessible, with the result of a finger being cut off. Therein the court held that the defendant was liable on the theory that when the owner invites children upon the premises he has the duty to keep his property reasonably safe so far as they are concerned. We are of the opinion that the facts and law in the cited case are applicable to the case at bar.

We hold that the trial court did not err in submitting the case to the jury for the determination of defendant's liability.

The plaintiff has raised the question of defendant's failure to timely file a demurrer to the evidence, and a motion for a directed verdict at the conclusion of the evidence. Since we hold that the evidence was sufficient to go to the jury it is unnecessary for us to pass on this question.

The court fairly instructed the jury and we find no reversible error.

Judgment affirmed.

The court acknowledges the aid of Supernumerary Judge LESLIE W. WEBB in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.