Bob PAUL, Appellant,

v.

N. L. INDUSTRIES, INC. and John
Stelting, Appellees.

No. 52413.

Supreme Court of Oklahoma.

Sept. 9, 1980.

Rehearing Denied March 2, 1981.

Earl P. Enos, Duncan, for appellant.

Tom L. King, King, Tague & Roberts, Oklahoma City, for appellees.

DOOLIN, Justice:

The quandary of the absent, or "ghost", tortfeasor is brought before this Court for the first time since we decided that several liability shall rule in comparative negligence cases.[1]

Plaintiff Paul was working at an oil drilling site in Canadian County. Defendant Stelting was delivering a load of drilling mud for Defendant N. L. Industries, Inc. The only road to the mud storage house passed between a butane storage tank and the drilling rig, and over a pipeline connecting the tank with the rig. While maneuvering his truck over this road, a leak developed in the butane line, spilling butane which caught fire and destroyed plaintiff's parked pickup truck and items of personal property contained within.

---

1. *Laubach v. Morgan*, 588 P.2d 1071 (Okl. 1978).

Plaintiff originally named as co-defendants Jones Drilling Co., which installed the butane tank and connections, and Gainesville Butane Company, which supplied the tank and valve. However at 4:30 p. m. the day prior to trial, Plaintiff dismissed without prejudice as to those co-defendants.

The Court instructed the jury to consider the possible negligence of Jones and Gainesville, along with that of plaintiff and defendants, to reach its decision. Plaintiff protested. The jury's verdict found Jones was 90% negligent, Gainesville 10% negligent, while plaintiff and defendants were zero percent negligent. Plaintiff appeals from the decision to permit consideration of negligence of the absent tortfeasors.

We hold in the spirit of *Laubach* that the negligence of tortfeasors not parties to the lawsuit should be considered by the trial jury in order to properly apportion the negligence of those tortfeasors who are parties.

## I

Oklahoma's comparative negligence statute offers little help in finding a solution to the question of the absent tortfeasor. However it does speak of the negligence of a "person, firm or corporation causing such damage," and not of "parties" to a lawsuit.[2]

*Laubach* notes that Oklahoma took its comparative negligence statute from the Arkansas statute. Both states relied on the "modified" version which denies recovery if the plaintiff's degree of negligence is greater than the defendant(s)'s degree of negligence. The 1979 amendment of Oklahoma's statute allows negligence to be divided equally (50%–50%) and the plaintiff can still recover. The original 1977 Act required plaintiff's negligence to be less than defendant's (49%–51%) in order to qualify for recovery.

When one state adopts another state's statute, it is also presumed to adopt the construction placed upon that statute by the highest court of the donor state.[3] Neither party cites an Arkansas case precisely on point. However defendant urges us to look again at *Walton v. Tull*, 234 Ark. 882, 356 S.W.2d 20 (1962) which we used in deciding *Laubach*. Defendant notes in *Walton*, even though one co-defendant had settled prior to trial, the court allowed the jury to consider his percentage of negligence.

Two of the stated goals behind comparative negligence are reduced litigation and proportionate responsibility.[4] If there were no incentive for plaintiff to join all possible tortfeasors in one action he could conceivably sue each individually and collect judgments from all, thus defeating the rule of several liability as set out in *Laubach*.

A treatise on comparative negligence calls it "accepted practice to include all tortfeasors in the apportionment question," including phantom drivers, unknown tortfeasors and persons alleged to be negligent but not liable for damages, such as the third party in Workers' Compensation cases.[5]

The reason for such rules, the authors note, is that "true apportionment cannot be achieved unless the apportionment includes all tortfeasors guilty of causal negligence either causing or contributing to the occurrence in question, whether or not they are parties to the case." [6]

On the one hand, should evidence of third party tortfeasors' negligence be admitted into evidence for the purpose of properly apportioning the degree of negligence, it would force the plaintiff to prove not only

**2.** 23 O.S.Supp.1979, § 13.

**3.** *Laubach*, supra, at 1073.

**4.** McNichols, "A Puzzling Choice," 32 Okla.L. Rev. 1 (1979).
   William J. McNichols is Professor of Law at University of Oklahoma. His law review article refers to at least three states which allow the negligence of absent tortfeasors to be considered: Kansas, *Brown v. Keill*, 224 Kan. 195,

580 P.2d 867 [1978]; Wisconsin, *Ross v. Koberstein*, 220 Wis. 73, 264 N.W. 642 [1936]; and California, *American Motorcycle Association v. Superior Court*, 20 Cal.3d 578, 578 P.2d 899, 416 Cal.Rptr. 182 [1978].

**5.** Heft and Heft, "Comparative Negligence Manual," § 4.220.

**6.** Heft and Heft, supra, § 8.131.

**70**

negligence on the part of the defendant, but also to prove non-negligence on the part of the third parties.

On the other hand, should such third party negligence not be admitted into evidence, the defendant runs the risk of bearing the entire financial burden of plaintiff's misfortune when he may only be slightly negligent for causing injury when his negligence is compared to the total negligence of all parties. This may defeat the purpose of several liability as expressed in *Laubach* requiring the slightly negligent party to pay for a disproportionate part of the others not party to the suit. Such a result should not be permitted if we are to remain true to the several liability of *Laubach*, see 12 O.S.1971 § 178 Second.

■ To limit the jury to viewing the negligence of only one tortfeasor and then ask it to apportion that negligence to the overall wrong is to ask it to judge a forest by observing just one tree. It cannot, and more important should not, be done. It simply is not fair to the tortfeasor which plaintiff chooses to name in his lawsuit. It by-passes the teachings of *Laubach*.

### II

Appellants contend there was not sufficient evidence for the jury to find negligence on the part of Jones Drilling Company and Gainesville Butane Company, Inc., and urge us to reverse on that basis.

■ There was supportive testimony of the negligence of excused defendants, a one-inch line supplying butane from the tank to the rig broke at the safety flow value just as it started to go underground, under the road. There was testimony that the safety flow value, designed to stop the flow of butane if a break in the line occurs, did not function. There was testimony that the supply line was not buried very deeply under the road. From these facts the jury could have concluded that Jones Drilling Company, which installed the butane tank and connections, and Gainesville Butane Company, which supplied the tank and value, were negligent.

### III

■ Appellant finally urges us to reverse this case because the jury did not determine a dollar amount of damages suffered by him. However, we find this totally harmless error, if error at all, in light of the jury's finding that defendants were zero percent negligent and thus not liable for any of plaintiff's damages.

AFFIRMED.

All the Justices concur.