**Keith E. STRONG, Individually and as Guardian of Derek A. Strong, a minor child, Appellant,**

**v.**

**Richard L. ALLEN and Donald T. Allen d/b/a King's Cove Apartments and King's Cove Condominium Owner's Association, Inc., Appellees.**

No. 67057.

Supreme Court of Oklahoma.

Feb. 7, 1989.

17. *California v. Cabazon Band of Mission Indians,* see note 16, 107 S.Ct. at p. 1091, supra.

370

The Law Offices of William H. Mattoon, Norman, for appellant.

Huckaby, Fleming, Frailey, Chaffin & Darrah by Micheal L. Darrah, Oklahoma City, for appellees.

HODGES, Justice.

The issue presented is whether the jury in this action rendered inconsistent verdicts requiring a new trial. The Court of Appeals upheld the verdicts finding no inconsistency. We now grant certiorari, vacate the Court of Appeals opinion and remand the plaintiff's claim on behalf of his child for a new trial.

This negligence action was brought by the father of a two-year-old child to recover damages from the defendant apartment owners. The child sustained injuries to his hand from an exposed chain and sprocket mechanism at the back of a coin-operated clothes dryer in the laundry room of the apartment complex where the child's family lived.

The accident occurred while the father, Keith Strong, was unloading clothes from one machine into another. His two-year-old son, Derek Strong, ventured into a gap between two commercial dryers. The child then entangled his right hand in an exposed chain and sprocket mechanism at the back of the dryer causing crushing and laceration of his fingers.

The father individually sought $2,936.24 for the medical expenses incurred for treatment of the child's injury. As guardian, the father claimed $30,000 for the child's pain and suffering, permanent disability and future medical expenses in addition to $10,000 in exemplary damages. Defendants asserted the father's lax supervision as a contributory negligence defense.

The jury found the father 60% negligent and defendants 40% negligent as to the father's individual claim. Under Oklahoma's modified form of comparative negligence, the father's claim was thus barred. See Okla.Stat. tit. 23, § 13 (1981). The defendants also prevailed with regard to the child's claims for compensatory and exemplary damages. No percentage of fault was assessed to the child's claims.

Plaintiff appealed arguing that the jury verdicts were inconsistent because defendants could not be 40% at fault with regard to the father's individual claim and faultless as to the child's claims arising out of the same injury. The Court of Appeals affirmed the verdict in an unpublished opinion and attempted to resolve the inconsistency by concluding: "The jury simply believed that the proximate cause of the child's injuries was attributable to the parent's lax supervision rather than to the exposed chain and sprocket mechanism."

A longstanding rule states that a child of tender years cannot be guilty of contributory negligence. See Hampton v. Hammons, 743 P.2d 1053, 1061 (Okla. 1987); Connor v. Houtman, 350 P.2d 311, 313 (Okla.1960). It is also well-settled that the negligence of a parent may not be imputed to a child of tender years to bar or reduce the child's recovery against a third party. Hostick v. Hall, 386 P.2d 758, 761–62 (Okla.1963). A parent's individual claim for medical expenses resulting from the child's injury may, however, be reduced or barred by the parent's negligence. Brady

*v. Rivella Developers, Inc.*, 424 So.2d 1104, 1107 (La.Ct.App.1982). It was therefore proper for the jury to assess percentages of fault with regard to the father's individual claim. Yet the clearly inconsistent verdicts rendered in this action appear to have resulted from the father's negligence being impermissibly imputed to his son to bar recovery on the child's claims.

The attempt by the Court of Appeals to resolve the inconsistency by describing the verdict as a conclusion that only the father's negligence caused the injury is unsupported by either the record or precedent. Nothing in the record indicates the jury believed the proximate cause of the injury to be solely the father's lax supervision. The jury's apportionment of fault as to the father's individual claim demonstrated the jury's belief that the accident was 40% attributable to defendants' negligence. This conclusion required the finding of each element of negligence including the element of causation.

Nor could the father's negligence be accurately described as a supervening cause of the injury. As this Court has noted:

A true supervening cause that will operate effectively to insulate the original actor from liability must meet a three-prong test. It must be (1) independent of the original act, (2) adequate of itself to bring about the result and (3) one whose occurrence was not reasonably forseeable. Unless these characteristics are met, the chain of causation which extends from the original act to the injury is not broken.

*Thompson v. Presbyterian Hospital, Inc.*, 652 P.2d 260, 264 (Okla.1982) (footnote omitted).

The father's negligence fails each of these three prongs. First, his lax supervision was not independent of the dangerous condition presented by the exposed mechanism. Second, the father's negligence was not adequate of itself to bring about the injury without the presence of the dangerous condition. Finally, it was reasonably forseeable that lax supervision could contribute to a small child's venture into the opening between the dryers where he was injured by the exposed mechanism. The father's negligence cannot be considered a supervening cause of this child's injury.

The only rational explanation for the inconsistent verdicts is that the jury must have imputed the father's negligence to the child to preclude recovery. A new trial is required on the child's claims for compensatory and exemplary damages. The jury's verdict as to the father's individual claim for medical expenses is affirmed.

CERTIORARI GRANTED; COURT OF APPEALS OPINION VACATED; CAUSE REMANDED IN PART FOR NEW TRIAL.

HARGRAVE, C.J., and LAVENDER, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in part and dissents in part.

OPALA, V.C.J., and SIMMS, J., dissent.

SUMMERS, Justice, concurring in part and dissenting in part:

Although I concur in the result reached by the court in remanding for a new trial on Derek's actual damages, I dissent from that part of the opinion that would allow the issue of punitive damages to be submitted to the jury on these facts.

OPALA, Vice Chief Justice, with whom SIMMS, Justice, joins, dissenting.

The court remands the minor's tort claim for a new trial, holding that the jury's verdict is made up of two inconsistent findings which cannot stand together. Because, in my view, the triers' decision is *not* fraught with any internal incongruity, I must recede from today's pronouncement.

A two-year-old boy wandered behind a dryer in the laundry room of an apartment complex and injured himself when he came in contact with exposed moving parts of the appliance. The father sued in his individual capacity to recover medical expenses from the multiple owner-entities [defendants] alleged to have been negligent. Within the same suit he pressed another

claim on his minor son's behalf, seeking compensatory and exemplary damages for the latter's injury. The two demands were tried to the same jury whose verdict was:

*For the defendants, on the child's claim;* but

*on the father's individual claim,* negligence was assessed

to the *plaintiff at 60%* and

to the defendants at 40%.

The legal dispute to be resolved on certiorari is whether the jury's exoneration of the defendants on the child's demand is legally inconsistent with the triers' attribution of 40% negligence to the defendants in the other demand pressed by the father individually. Stated another way, was it legally mandatory for the triers to make the very same 40% allocation of negligence against the defendants on the child's claim as that which they made on the father's demand? I would answer this question in the negative and hold that there is no legal inconsistency between the jury's denial of recovery to the child and its 40% negligence assignment against the defendants on the father's claim.

At common law, as it stands in Oklahoma today, a child under seven years of age is *conclusively presumed to be incapable* of *any* negligence.[1] Since the plaintiff-child was blameless by force of our law, there was no occasion—*in the minor's claim*—for jury apportionment of fault among the negligent defendants. Where, as here, a plaintiff is faultless, the comparative negligence statute [2] is inapplicable and, if there be multiple defendants in the case, all of them stand liable jointly and severally.[3] The jury's response to the child's demand, viewed by itself, cannot hence be deemed fatally flawed; rather, as I view this portion of the verdict, it is plainly and unmistakably compatible with the law's mandated presumption of the child's non-negligent status.

The father was *not* a party to the child's claim. But, if shown by the evidence, the fault of a *non-party* may be considered by the fact finder.[4] Without a doubt, the jury viewed the father's lack of supervision at the *locus in quo* as an efficient cause of the injurious event. There is absolutely no record trail of jury misconduct in disregarding instructions by imputing anyone's negligence to the child. The verdict in the minor son's claim is clearly within legal bounds. The law governing *that claim* did not permit *any allocation* of the percentage of negligence to be made either to the father as a nonparty or to the defendants.

In the father's demand, the defendants were found only 40% negligent. Because their fault was less than that allocated to

1. At common law, as well as in Oklahoma, a child under the age of seven years or, in the absence of evidence establishing capacity, one between the ages of seven and fourteen years, *is presumed incapable of negligence. Ramage Mining Co. v. Thomas,* 172 Okl. 24, 44 P.2d 19, 23 [1935]; *City of Shawnee v. Cheek,* 41 Okl. 227, 137 P. 724, 732 [1913]; see also, *Keck v. Woodring,* 201 Okl. 665, 208 P.2d 1133, 1135 [1948]. This minimum age of civil liability or capacity for negligence is the same as that which, at common law, governs criminal accountability. The latter legal norm, now codified in 21 O.S.1981 § 152(1) and (2), provides:
"All persons are capable of committing crimes, *except* those belonging to the following classes:
"1. *Children under the age of seven (7) years.*
"2. *Children over the age of seven (7) years, but under the age of fourteen (14) years, in the absence of proof that at the time of committing the act or neglect charged against them they knew its wrongfulness.* [Emphasis added.] * * * "

2. 23 O.S.1981 § 13. Its terms provide:
"*In all actions hereafter brought,* whether arising before or after the effective date of this act, *for negligence resulting in personal injuries or wrongful death, or injury to property, contributory negligence shall not bar a recovery, unless* any negligence of the person so injured, damaged or killed, is of *greater degree* than any negligence of the person, firm or corporation causing such damage, *or unless* any negligence of the person so injured, damaged or killed, is of *greater degree than the combined negligence* of any persons, firms or corporations causing such damage." [Emphasis added.]

3. *Boyles v. Oklahoma Natural Gas Co.,* Okl., 619 P.2d 613, 616–617 [1980], and *Anderson v. O'Donoghue,* Okl., 677 P.2d 648, 653 [1983].

4. *Paul v. N.L. Industries, Inc.,* Okl., 624 P.2d 68, 69 [1981].

the plaintiff-father, no recovery was legally allowable on the latter's derivative claim pressed by him individually. The jury's decision against the father on his demand is *totally consistent* with that against the child. As a *non*-blameless plaintiff, the father stands barred from recovering from the defendants because the triers found them to bear less than 50% of the aggregate negligence.

In sum, 1) *in the child's claim,* no assessment of the degree or percentage of negligence need have been made either for each of the multiple defendants or *vis-a-vis* the father as a third-party negligent co-actor, 2) there is no record-supported proof that the jury imputed to the child its father's negligence and 3) the verdict conclusively demonstrates that the jury treated the child as legally blameless; its decision is hence conformable to the law's command that the child be regarded as incapable of *any* negligence,[5] as well as *to the principle that multiple defendants of a blameless plaintiff stand liable, if at all, as joint and several tortfeasors whose aggregate fault is not subject to apportionment by verdict.*[6]

The court today explicitly condemns the verdict as inconsistent because, as it conjectures, "the jury must have *imputed the father's negligence to the child.*" [Emphasis added.] I must recede from this conclusion. The court's imputation is not supported by the record. Moreover, there is no rule of law that would prohibit a civil jury, who, in a derivative claim by the father, has allocated 40% negligence to the defendants, from returning a no-recovery verdict for the child's principal claim in the same suit.

**5.** See the cases cited *supra* note 1.

**6.** See *Boyles v. Oklahoma Natural Gas Co., supra* note 3 at 616–617, and *Anderson v. O'Donoghue, supra* note 3 at 653.

**7.** For cases in which a verdict *was* held fraught with a fatal inconsistency, see *Burkett v. Moran,* Okl., 410 P.2d 876, 878–879 [1966]; *Hallford v. Schumacher,* Okl., 323 P.2d 989, 992–993 [1958]; and *Witt v. Martin,* Okl.App., 672 P.2d 312, 317–318 [1983]. In *Burkett* the jury rendered a general verdict for the plaintiff but attached an "itemized statement" listing the elements for which award was made. Damages for pain and suffering were excluded. The court held that

Unless the record clearly demonstrates otherwise, a *facially* effective verdict cannot be made *internally* inconsistent by speculation or conjecture.[7] There is *no* record trail to support the notion that the jury disregarded the trial court's instructions by imputing the father's negligent supervision to the legally blameless child.

A flawless jury verdict is impervious to judicial tinkering or invalidation. It is *binding on this court.* I would let the judgment stand.

because uncontroverted evidence showed the plaintiff was entitled to recover for pain and suffering, it was inconsistent for the jury to have withheld an award for that item of damages. The jury in *Hallford* found for the plaintiff on the general issue of liability and awarded medical expenses on the "first cause of action." On appeal the court held it was inconsistent for the jury also to have determined the *same* liability question *against* the plaintiff by denying him recovery for pain and suffering. In *Witt* the jury's award of medical and other expenses was inconsistent with its denial of damages for pain and suffering.