**UNITED STATES COURT OF APPEALS**
**Filed 6/18/96**
**FOR THE TENTH CIRCUIT**

———————————————

JOE KANE and AMY KANE,                    )
                                          )
          Plaintiffs-Appellants,          )
                                          )
v.                                        )          No. 95-6261
                                          )      (D.C. No. CIV-94-819-A)
BRIDGESTONE/FIRESTONE Inc., a subsidiary of )        (W.D. Okla.)
Bridgestone Corporation of Japan f/k/a Firestone )
Tire & Rubber Company,                    )
                                          )
          Defendant-Appellee.             )

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **PORFILIO, BRORBY** and **EBEL**, Circuit Judges.

———————————————

Aaron N. Woods of Risjord & James, Overland Park, Kansas (Duke Halley of Halley & Christian Law Office, Woodward, Oklahoma; John C. Risjord and Randy W. James of Risjord & James, Overland Park, Kansas, with him on the briefs), for Plaintiffs-Appellants.

Colin Smith of Burke, Weaver & Prell, Chicago, Illinois (John C. Niemeyer of Niemeyer, Alexander & Austin P.C., Oklahoma City, Oklahoma; Michael L. Noland and Kenneth D. Upton, Jr. of Noland, Upton & Leibrock, P.C., Oklahoma City, Oklahoma, with him on the brief), for Defendant-Appellee.

———————————————

   This appeal arises out of a product liability case the parties tried to a jury. The jury returned

a verdict in favor of the defendant. The plaintiffs filed a motion for a new trial contending they were

---

  [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

entitled to a new trial because of errors committed by the district court in instructing the jury and admitting or excluding certain evidence. The district court denied the motion, and plaintiffs appealed. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

In June 1992, Joe Kane was seriously injured by the pressurized separation of a multi-piece truck tire rim he was servicing. At the time of the accident, Mr. Kane was working at B-C Tire & Alignment ("B-C Tire") in Guymon, Oklahoma. After Mr. Kane's accident, the Guymon Police Department took photographs of some of the components of the tire and rim assembly involved in the incident. The tire and rim components were later lost or discarded and were not available for any aspect of this case. The photographs taken by the Guymon Police Department revealed the multi-piece rim involved in the accident was of an R-type design. The Firestone Tire & Rubber Company, predecessor of Bridgestone/Firestone, Inc. ("Firestone"), designed and manufactured all the R-type rims sold in the United States. Firestone manufactured R-type rims from the early 1930s to the late 1950s. Firestone is not a citizen of Oklahoma.

Mr. Kane and his wife, Amy, filed suit against Firestone, seeking compensatory and punitive damages. They alleged causes of action under theories of negligence and strict liability. Mrs. Kane also alleged loss of consortium. At the close of their case at trial, the Kanes dismissed their negligence claims and proceeded only in strict liability. The Kanes' strict liability cause of action comprised allegations of design defect and failure to warn. The jury returned a verdict for Firestone, and the district court entered judgment against the Kanes on all their causes of action. The Kanes

filed a motion for a new trial pursuant to Fed. R. Civ. P. 59. The district court denied the motion, and the Kanes appealed.

## II. Analysis

The Kanes contend the district court erred in five respects. First, they contend the district court erred by refusing to instruct the jury on their failure to warn theory. Second, the Kanes argue the district court's instructions on causation were improper and not supported by the evidence. Third, the Kanes assert the district court erred by excluding their Exhibit 15. Fourth, they contend the district court erred by receiving Firestone's Exhibit 52. Finally, the Kanes argue the district court erred in receiving Firestone's exhibits relating to warnings and instructions and allowing those exhibits to go to the jury.

### A. *Failure to Warn*

In an off-the-record conference at the close of Firestone's defense, the district court decided not to instruct the jury on the Kanes' failure to warn theory. The Kanes claim this refusal constituted error.

The Kanes relied on their expert witness, Dr. Ottfried Hahn, for presentation of their failure to warn theory. Our review of the record indicates Dr. Hahn focused his testimony largely on his opinion the design of the R-type rim was defective and unreasonably dangerous. Though we have not been provided a transcript of Dr. Hahn's entire testimony, our review of what we do have leads us to agree with the district court that the Kanes' theory was "that the tire rim was ... unsafe under

any and all conditions."  In Dr. Hahn's opinion, Firestone was obligated to "advise users of R-type components to discontinue use of those components and use the safer alternative designs that were available."  In other words, the Kanes and Dr. Hahn contended that since the R-type rim could not be used safely, Firestone had an obligation to warn people to use other rims.

Under Oklahoma law governing strict products liability, "[i]n order to escape being *unreasonably* dangerous, a *potentially* dangerous product must contain or reflect warnings covering all foreseeable uses.  These warnings must be readily understandable and make the product safe." *Smith v. United States Gypsum Co.*, 612 P.2d 251, 254 (Okla. 1980).  If the plaintiff contends a product cannot be used safely--that it is not merely "potentially dangerous" but always dangerous -- then there is no reason to ask whether the manufacturer included warnings that would "make the product safe."  *Id.*  If a product is defectively designed and unreasonably dangerous such that no warning will make it safe to use, persons injured by the product have no reason to ask a jury to find the manufacturer failed to warn them of the dangerous defect.  They will prevail anyway.  Given the Kanes' contention that Firestone's R-type rims are irretrievably dangerous, the district court did not err by refusing to instruct on Firestone's failure to warn.  Such an instruction was unnecessary and probably would have confused the issues.  In any event, as the district court observed, the jury's finding that Mr. Kane's injuries were not caused by a design defect that rendered the R-type rim unreasonably dangerous would have necessarily precluded victory under the Kanes' novel warning theory.

4

B. *Causation Instructions*

The Kanes contend the district court's instructions on causation improperly allowed findings of intervening superseding cause and sole cause that were not supported by the record. The Kanes first challenge the district court's instruction on intervening cause, which read:

> If, following the acts or omissions of defendant, an event unforseeable to defendant intervened that directly caused Joe Kane's injuries completely independent of the defendant's product design, then the design did not directly cause Joe Kane's injuries. If there was such an intervening cause, you should find for the defendant on Joe Kane's claim.
>
> On the issue of intervening cause, consider all the evidence pertaining to removal of rivets and any effects of removal.

This instruction correctly embodies Oklahoma law with respect to intervening superseding cause. *See Saupitty v. Yazoo Mfg. Co.*, 726 F.2d 657, 659 (10th Cir. 1984)*; Strong v. Allen*, 768 P.2d 369, 371 (Okla. 1989). The question is whether it was supported by sufficient competent evidence. *See Farrell v. Klein Tools, Inc.*, 866 F.2d 1294, 1296 (10th Cir. 1989). As the Kanes essentially concede in their brief, Firestone offered ample evidence that someone removed rivets from the R-type rim after it left Firestone's hands and before Mr. Kane's accident. According to Firestone's expert witnesses, these rivets were crucial to the rim's proper function and their removal lead directly to Mr. Kane's accident. Firestone also presented evidence that removal of the rivets was not foreseeable. Accordingly, we conclude their was sufficient competent evidence to support the district courts jury instruction on intervening cause.

In the district court's introductory instructions in which it generally described the undisputed facts, issues, and the parties' positions, the district court stated: "Defendant claims that the accident

5

resulted solely from the failure of Joe Kane and/or other persons, not parties to this suit, to follow proper service and maintenance procedures." The Kanes claim this instruction was not supported by sufficient competent evidence and misled the jury by suggesting Joe Kane's or someone else's negligence could provide Firestone with a defense to the Kanes' product liability claim.

Under Oklahoma product liability law, the plaintiff must prove a defective product caused his injury. If the allegedly defective product did not cause the injury, the defendant cannot be held liable. *Kirkland v. General Motors Corp.*, 521 P.2d 1353, 1363 (Okla. 1974). "If some act of the plaintiff *caused* the injury, rather than the defective product itself, causation is missing, and the plaintiff may not recover." *Id.* at 1366. The plaintiff's or another person's fault, however, is not relevant in a contributory negligence sense. Another person's causal fault does not relieve the defendant of liability if the defective product was nevertheless a direct cause of the injury. *See id.* at 1363, 1366-67. Though the sole causation instruction challenged by the Kanes does not fully address these principles, the district court's other causation instructions adequately explain the status of Oklahoma law with respect to causation. The district court also instructed that Mr. Kane's negligence, if any existed, could not bar him from recovery. Given the explanations provided by its other instructions, the district court did not misstate Oklahoma law by suggesting Firestone could not be held liable if the acts of Mr. Kane or other persons were the sole cause of Mr. Kane's accident.

The district court's sole cause instruction was supported by sufficient competent evidence. Aside from evidence that someone had removed rivets necessary to the R-type rim's proper functioning, other evidence suggested that someone at B-C Tire inflated the tire in question to full

inflation pressure before Mr. Kane began working on it. One of Firestone's experts testified that in his opinion proper servicing procedures had not been followed in the servicing of the R-type rim that caused Mr. Kane's injuries. According to this expert, the fully inflated tire, the removal of the rivets, and the improper servicing caused Mr. Kane's injuries, not a defect in the rim's design.

C. *Exclusion of the Kanes' Exhibit 15*

The Kanes claim the district court abused its discretion by refusing to accept into evidence their Exhibit 15, a Firestone interoffice memorandum dated June 20, 1958, and sent to Firestone's district managers, territory salesmen, and store managers. This memo accompanied an article written by Rube Hedlund entitled, "Tubeless Tires: A Progress Report." The article was originally published in an issue of Tires -- TBA Merchandise. Mr. Hedlund's article details the advantages of tubeless tires, a product that does not require the use of a multi-piece rim. Firestone suggested that its people use the information in the article to help them sell more tubeless tires. In his article, Mr. Hedlund is highly critical of multi-piece rims. He refers to multi-piece rims as a "death trap" and describes their components as "the KILLER locking rings used on tubed truck tires." He claims, "[w]e have put servicemen prematurely into cemeteries and into hospitals because of tubed tires and rims." The district court excluded Exhibit 15 on the grounds its probative value was substantially outweighed by the danger of unfair prejudice, explaining, "I'm not going to have the Jury presented with a document that talks about the killer products." *See* Fed. R. Evid. 403.

The Kanes contend Exhibit 15 demonstrates the defective nature of multi-piece rims and shows Firestone's knowledge of this danger. As the district court noted in its order denying the

7

Kanes' motion for a new trial, Mr. Hedlund's article is "inflammatory and prejudicial." With respect to its probative value, the article does not refer to Firestone's R-type rim or any defects therein, but only generically addresses all "locking rings used on tubed truck tires." We conclude the district court did not abuse its discretion by excluding Exhibit 15 on the ground its probative value was substantially outweighed by its potential for prejudice.

D. *Firestone's Exhibit 52*

Firestone's Exhibit 52 was a report and regulation promulgated by the Occupational Safety and Health Administration ("OSHA") in 1984 and entitled "Servicing of Single Piece and Multi-Piece Rim Wheels." The Kanes contend this exhibit was irrelevant under Fed. R. Evid. 401. They also contend it was inadmissable under Fed. R. Evid. 403 because it was unduly prejudicial and most likely confused and misled the jury.

The OSHA report at issue directly contradicted the Kanes' expert's opinion that single-piece truck rims were a safer alternative design to multi-piece rims. In this sense, the report was relevant and admissible under Fed. R. Evid. 401. The Kanes offer several reasons why the OSHA report should have been excluded under Fed. R. Evid. 403. After careful review of these arguments, we are not persuaded the report's probative value was substantially outweighed by the risks of prejudicing, confusing, or misleading the jury. The district court did not abuse its discretion by admitting Firestone's Exhibit 52 into evidence.

E.  *Firestone's Warning and Instruction Exhibits*

Noting that the district court refused to instruct the jury on their failure to warn theory, the Kanes contend the court erred by letting Firestone's exhibits on its warning and instructional efforts go to the jury during its deliberations.  Once the judge decided not to instruct on failure to warn, the Kanes neither objected to Firestone's previously admitted evidence nor asked that the evidence be kept from the jury in its deliberations.  The Kanes had at least two opportunities to do so.  Because the Kanes did not preserve the issue for appeal, we review only for plain error.  *Hinds v. General Motors Corp.*, 988 F.2d 1039, 1045-46 (10th Cir. 1993).  We find no plain error.

The judgment of the district court is **AFFIRMED**.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge