2009 OK CIV APP 81

Latricia D. LEWIS, individually and on behalf of her minor child, Trey Lewis, Plaintiff/Appellant,

v.

WAL–MART STORES EAST, L.P., Defendant/Appellee.

No. 106,249.

Court of Civil Appeals of Oklahoma, Division No. 4.

June 3, 2009.

Certiorari Denied Sept. 28, 2009.

Gaylon C. Hayes, Hayes Legal Group, P.C., Oklahoma City, OK, for Plaintiff/Appellant.

Michael W. Brewer, Hiltgen & Brewer, P.C., Oklahoma City, OK, for Defendant/Appellee.

JOHN F. FISCHER, Judge.

¶1 Latricia Lewis appeals from the district court's order granting summary judgment. The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S. Supp.2008, ch. 15, app. 1, and the matter stands submitted without appellate briefing. Based on our review of the record on appeal and applicable law, we find that there are material issues of fact that preclude summary judgment and, therefore, reverse and remand for further proceedings.

## BACKGROUND FACTS

¶2 On September 2, 2005, Lewis's five-year-old son went to the Chandler, Oklahoma, Wal–Mart with his aunt and sister. While there, he went into the men's restroom. His aunt waited outside the restroom door for him. Inside the restroom, the child was sexually assaulted by Steven Knudson. Knudson pled guilty and was convicted of the crime. Knudson was not a Wal–Mart employee but was on the premises apparently for the purpose of soliciting donations for the New Life Church.

¶3 Lewis sued Wal–Mart based on a premises liability theory of negligence, alleging that Wal–Mart (1) breached its duty to maintain its premises in a reasonably safe condition; (2) knew or should have known of the risk of harm created by Knudson's presence on the property; and (3) failed to protect her son from a known danger. Wal–Mart moved for summary judgment, asserting that the molestation incident was "an intervening criminal act of a third party," that it had no control over or duty to prevent. Following a hearing, the district court granted summary judgment to Wal–Mart. Lewis appeals.

## STANDARD OF REVIEW

¶4 We review a trial court's grant of summary judgment de novo. *Carmichael v. Beller*, 1996 OK 48, ¶2, 914 P.2d 1051, 1053. On review, we examine the pleadings and evidentiary materials submitted by the parties to determine whether there exists a genuine issue of material fact. *Id.* This Court bears "an affirmative duty to test all evidentiary material tendered in summary process for its legal sufficiency to support the relief sought by the movant." *Copeland v. The Lodge Enters., Inc.*, 2000 OK 36, ¶8, 4 P.3d 695, 699. The summary process requires that we determine whether the record reveals only undisputed material facts supporting only a single inference that favors the movant's motion for summary judgment. *Id.* Further, when

considering a motion for summary judgment, the evidentiary materials and the inferences to be drawn from them must be viewed in the light most favorable to the party opposing the motion. *Hargrave v. Canadian Valley Elec. Co-op., Inc.*, 1990 OK 43, ¶ 14, 792 P.2d 50, 55. "Only if the court should conclude that there is no material fact in dispute and the law favors the movant's claim or liability-defeating defense is the moving party entitled to summary judgment in its favor." *Copeland*, 2000 OK 36 at ¶ 8, 4 P.3d at 699.

¶ 5 The burden of producing "acceptable evidentiary material" to support every material fact is on the movant, Okla. Dist. Ct. R. 13(b), 12 O.S. Supp.2007, ch. 2, app., and the trial court has the burden "to insure that the motion is meritorious." *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, ¶ 10, 743 P.2d 682, 685 (approved for publication by the Oklahoma Supreme Court). If evidentiary materials have not been submitted to support each material fact, the motion should be denied. *Id.* Further, the opposing party need not respond to or challenge material facts asserted by the moving party that are not supported by acceptable evidentiary material. *Id.* at ¶ 9, 743 P.2d at 684.

### DISCUSSION

### I.   The Child's Entry Status On The Property

█ ¶ 6 "Duty is the threshold question in any negligence action." *Bray v. St. John Health Sys. Inc.*, 2008 OK 51, ¶ 6, 187 P.3d 721, 723. The duty of care a property owner must exercise "expands or contracts based on the entrant's status." *Pickens v. Tulsa Metro. Ministry*, 1997 OK 152, ¶ 10, 951 P.2d 1079, 1083. It is undisputed that Lewis's son, his aunt and his sister were business invitees.[1] An invitee is entitled to that level of care "which would make the premises safe for his reception." *Brown v. Nicholson*, 1997 OK 32, ¶ 7, 935 P.2d 319, 322 (footnote omitted). Consequently, Wal–Mart was required to use ordinary care to keep its premises in a reasonably safe condition for Lewis's son.

*Pickens,* 1997 OK 152 at ¶ 10, 951 P.2d at 1084. The Oklahoma Supreme Court has described the nature of that duty as follows:

Those cases wherein liability has been held to attach recognize the presence of some physical fact or circumstance occasioned by an act or omission of the storekeeper which, although obvious and not dangerous within itself, forms an integral part of an eventuality out of which injury arose.

*J.J. Newberry Co. v. Lancaster,* 1964 OK 21, ¶ 22, 391 P.2d 224, 228. Knowledge of the dangerous condition will be imputed to the storekeeper if he knew of the dangerous condition ... or if the condition was created by him, or by his employees acting within the scope of their employment. *Williams v. Safeway Stores, Inc.*, 1973 OK 119, ¶ 3, 515 P.2d 223, 225.

### II.   Whether Wal–Mart Demonstrated Entitlement To Judgment As a Matter of Law

█ ¶ 7 In the statement of undisputed facts in its motion for summary judgment, Wal–Mart asserted that it "had no prior knowledge of Knudson or of any similar criminal activity on its premises." Wal–Mart supported this assertion with the January 2008 affidavit of the Chandler store's current manager, Chris Nelson,[2] wherein Nelson stated that (1) he "reviewed all records and information available to Wal–Mart Store 387 from the time period in which the incident occurred"; (2) "no record or information exists showing any incident ... in which an invitee of this store was sexually molested by a third party criminal or an attempted molestation on the premises of Wal–Mart Store No. 387"; and (3) "no record or information exists showing that anyone associated with Wal–Mart had any contact with or knew anything about criminal Defendant Knudson prior to the incident such that [it] could have prevented Knudson from attempting to sexually molest an invitee on its premises."

¶ 8 In her response to the motion for summary judgment, Lewis disputed Wal–Mart's asserted lack of prior knowledge. Lewis

---

1.  In its summary judgment motion, Wal–Mart did not dispute the child's status.

2.  It is not clear from the record when Nelson became the store's manager.

contended that Wal–Mart knew or should have known of Knudson's potential for harm, and she relied on several evidentiary sources to support her contention. Lewis attached to her response the statement of Phyllis Stockholm, a former personnel manager at the Chandler Wal–Mart. Stockholm stated that while she was employed at Wal–Mart she placed the New Life Church on a list of groups that were not to be allowed at the store because of "behavior issues."[3] Further, when Stockholm retired, she made that information available to her replacement at the Chandler Wal–Mart. The police report of Knudson's arrest shows that he claimed to be at the Chandler Wal–Mart to collect donations for the New Life Church. Lewis also attached to her summary judgment response the district court docket sheet reflecting a March 2004 felony conviction of Kenneth Moses. She maintained that Moses was the person referred to in the Knudson arrest report as the man who accompanied Knudson to the Chandler Wal–Mart to solicit donations for New Life Church on the day of the assault. Lewis argued, based on these evidentiary materials, that it was reasonable to infer that (1) Wal–Mart officials knew or should have known that members of the New Life Church posed a security risk; (2) Knudson and Moses were at the Chandler Wal–Mart on the day of the assault soliciting funds for New Life Church and (3) Wal–Mart officials gave Knudson and Moses permission to be on store premises.

¶ 9 Nothing in the record indicates how long Knudson and Moses were on the premises. It may be that Knudson and Moses were not given permission to solicit on the Chandler Wal–Mart premises, or that Wal–Mart officials did not know the two men were associated with the New Life Church. Wal–Mart's summary judgment materials do not address these issues. Nonetheless, viewed in the light most favorable to Lewis, the evidentiary materials of record support a contrary inference favorable to Lewis. As the party opposing summary judgment, Lewis is entitled to that inference. *Hargrave*, 1990 OK 43 at ¶ 14, 792 P.2d at 55. Assuming Wal–Mart officials knew or should have known

that Knudson posed a security threat, we cannot determine, as a matter of law, that Wal–Mart did not breach its duty of care to Lewis's son.

■ ¶ 10 There is an additional reason why the store manager's narrowly focused affidavit fails to support Wal–Mart's claimed entitlement to judgment as a matter of law. In its motion for summary judgment, Wal–Mart asserted that it had "no legal duty to accompany each minor child on its premises to the restroom to confirm that a sexual predator is not in the restroom," and that it "could not have foreseen [the sexual molestation] occurring." It was not necessary, however, for Lewis to show that Wal–Mart was specifically aware of, or could have foreseen, the exact crime or the specific location on its premises where patrons might be injured by the tortious acts of third persons. The Oklahoma Supreme Court has declined to adopt such a limited scope of foreseeability. *Bray v. St. John Health Sys. Inc.*, 2008 OK 51 at ¶ 12, 187 P.3d at 725 (reversing summary judgment where the facts showed the property owner was aware of criminal activity although the exact crime for which plaintiff sued had not previously occurred).

■ ¶ 11 It is true, as Wal–Mart argued to the district court, that a business owner is not "an insurer against criminal attack." *Cordes v. Wood*, 1996 OK 68, ¶ 10, 918 P.2d 76, 78. Although business owners have no general duty to protect others from the criminal activities of third persons, this rule "is not absolute." *Taylor v. Hynson*, 1993 OK 93, ¶ 20, 856 P.2d 278, 282. Business owners have a duty to implement reasonable measures to protect their patrons from criminal acts when those acts are foreseeable. *Bray*, 2008 OK 51 at ¶ 13, 187 P.3d at 725.

■ ¶ 12 To determine the foreseeability issue, the Oklahoma Supreme Court has adopted the approach of the Restatement (Second) of Torts § 344 (1965). *Bray* at ¶ 12, 187 P.3d at 724. Section 344 provides, at comment f:

> *Duty to police premises.* Since the possessor is not an insurer of the visitor's

---

3. The nature of these "behavior issues" is not identified in the record.

safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. *He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.*

Restatement (Second) of Torts § 344 cmt. f (1965)(emphasis added). Thus, if a landowner knows or has reason to know from past experience that it should reasonably anticipate criminal activity on its premises, the landowner may be required to afford reasonable protection to its business invitees. *See Bray,* 2008 OK 51 at ¶¶ 13–14, 187 P.3d at 725.

¶ 13 Wal–Mart's summary judgment motion does not address the material issue of its knowledge of previous criminal incidents on the premises. The store manager's affidavit addresses only the specific crime of sexual molestation and does not mention any other type of predatory or violent crime directed against store patrons. Further, the affidavit is limited to the Chandler store. It does not address Wal–Mart's general corporate knowledge regarding such matters.[4] Therefore, the affidavit is inadequate to support only a single inference in favor of Wal–Mart, that the corporation had neither actual nor constructive knowledge of prior criminal activity that might reasonably be foreseen to occur at the Chandler store. "Only that

evidentiary material which entirely eliminates from trial some or all fact issues may afford legitimate support for [a district court to] resort to summary process." *Gray v. Holman,* 1995 OK 118, ¶ 11, 909 P.2d 776, 781. Whether, as Wal–Mart argued, Knudson's criminal act was an unforeseeable intervening cause that shielded it from liability for any negligence it may have committed is an issue that, in this particular case, cannot be resolved on summary judgment because foreseeability remains a controverted issue of fact.

### III. Assumption Of The Risk And/Or Contributory Negligence

¶ 14 In the third undisputed fact set forth in its summary judgment motion, Wal–Mart asserted that Lewis's son was allowed to go into the restroom "unattended."[5] This assertion was the basis for Wal–Mart's argument that:

Plaintiff assumed all normal or ordinary risks incident to the use of the premises which included allowing a five year old child use the restroom unattended. Defendant Wal–Mart is under no legal duty to accompany each minor child on its premises to the restroom to confirm that a sexual predator is not in the restroom or will not assault the child. The adult invitee with the child must assume that responsibility, if anyone.

To the extent that Wal–Mart may have intended by this assertion to argue that the aunt was negligent in allowing the child to enter the restroom by himself, not only are the facts susceptible of conflicting inferences, but also contributory negligence is a question of fact for the jury, and cannot be resolved on summary judgment. Okla. Const. art. 23, § 6 ("The defense of contributory negligence or of assumption of the risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."). Further, a young child (under age 7) cannot be guilty of

---

4. Also material to the issue of duty, and not addressed in its summary judgment motion, is whether Wal–Mart had general corporate policies or procedures related to the safety of its store patrons and, if so, the extent to which the management at the Chandler store did or did not conform to those policies.

5. Lewis disputed this contention, pointing out that the child's aunt was standing outside of the restroom.

contributory negligence. *Strong v. Allen,* 1989 OK 17, ¶ 7, 768 P.2d 369, 370. Nor can the negligence of a parent or caretaker be imputed to a child under the age of 7 to bar or reduce the child's recovery against a third party. *Id.* (citing *Hostick v. Hall,* 1963 OK 216, 386 P.2d 758). A parent's individual claim for medical expenses resulting from a child's injury may be reduced or barred by the parent's negligence, but that does not affect the child's recovery. *Id.*

## CONCLUSION

¶ 15 "Every civil case subject to summary proceedings must be grounded and considered upon its own peculiar pleadings, affidavits, exhibits, admissions, depositions, and the like, and if reasonable persons in the exercise of fair and impartial judgment might reach different conclusions on consideration of the same, summary judgment must be denied." *Spirgis,* 1987 OK CIV APP 45 at ¶ 13, 743 P.2d at 685. As previously discussed, material questions of fact preclude summary judgment in this case. Accordingly, we reverse the judgment of the district court and remand the case for further proceedings.

¶ 16 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

GABBARD, P.J., and RAPP, J., concur.